T.C. Memo. 2008-187

UNITED STATES TAX COURT

GARY L. LARSON, ET AL.,[1] Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11501-06, 11502-06,     Filed August 5, 2008.
            11503-06.

Gary L. Larson and Carolyn J. Larson, pro sese.

<u>David L. Zoss</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  These cases are before the Court
consolidated for purposes of trial, briefing, and opinion.
Gary L. Larson (Mr. Larson) and Carolyn J. Larson (Mrs. Larson)

_____

[1]Cases of the following petitioners are consolidated
herewith:  Carolyn J. Larson, docket No. 11502-06; and Gary L.
Larson, docket No. 11503-06.

separately petitioned the Court for redetermination of
respondent's determinations of the following deficiencies in
Federal income tax and accuracy-related penalties:

Gary L. Larson, docket No. 11501-06

| Year | Deficiency | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|----------------------------------------|
| 2000 | $13,102 | $2,620 |

Carolyn J. Larson, docket No. 11502-06

| Year | Deficiency | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|----------------------------------------|
| 2002 | $5,005 | $1,001 |
| 2003 | 9,704 | 1,941 |
| 2004 | 4,028 | 806 |

Gary L. Larson, docket No. 11503-06

| Year | Deficiency | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|----------------------------------------|
| 2002 | $22,810 | $4,562 |
| 2003 | 29,618 | 5,924 |
| 2004 | 33,616 | 6,723 |

The issues for decision after concessions are: (1) Whether
Mr. Larson is entitled to deductions claimed on Schedule C,
Profit or Loss from Business, for car and truck expenses computed
using the optional standard mileage rate method for passenger
vehicles greater than those respondent allowed; (2) whether Mr.
Larson is entitled to Schedule C deductions for vehicle insurance
expenses, repairs and maintenance expenses, and vehicle leasing

expenses relating to passenger and other business vehicles computed using the actual expense method; (3) whether Mrs. Larson is entitled to expense deductions claimed on Schedule E, Supplemental Income and Loss, greater than those respondent allowed; and (4) whether petitioners are liable for accuracy-related penalties under section 6662.[2]  For all purposes hereafter, the years at issue shall refer to 2000, 2002, 2003, and 2004.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with attached exhibits, are incorporated herein by this reference.  At the time petitioners filed their petitions, they resided in Minnesota.

Petitioners are husband and wife.  During the years at issue Mr. Larson was a manufacturer's representative for several major vendors.  In that capacity he traveled throughout Wisconsin, Minnesota, North Dakota, South Dakota, and Iowa.  Mr. Larson conducted business under the name of E.L. Power, a sole proprietorship.  Mrs. Larson provided services to E.L. Power as

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

an independent contractor for which Mr. Larson paid her commissions.

Petitioners filed separate Federal income tax returns for the years at issue. Mr. Larson prepared the returns for both himself and Mrs. Larson. Mr. Larson did not have the returns reviewed by a certified public accountant before he filed them.

On March 27, 2006, respondent sent Mr. Larson a notice of deficiency for 2002, 2003, and 2004. On March 28, 2006, respondent sent Mrs. Larson a notice of deficiency for 2002, 2003, and 2004. On May 5, 2006, respondent issued Mr. Larson a notice of deficiency for 2000. Respondent disallowed numerous business and personal deductions of petitioners because of lack of substantiation, including all of Mr. Larson's car and truck expenses save for $928 for 2000, $687 for 2002, $763 for 2003, and $1,145 for 2004.

On April 6, 2006, petitioners filed separate amended returns for 2002, 2003, and 2004.

Petitioners filed timely petitions with this Court, and a trial was held on September 27, 2007, in St. Paul, Minnesota. Petitioners conceded that they claimed a variety of deductions and expenses to which they were not entitled,[3] that Mr. Larson

---

[3]Mr. Larson conceded he claimed Schedule C deductions for various items to which he was not entitled for each of the years at issue. Mr. Larson also conceded he incorrectly claimed real estate taxes on Schedule A, Itemized Deductions, and on Forms

(continued...)

incorrectly reported the gross receipts of E.L. Power in 2000 and 2003, and that Mrs. Larson incorrectly reported her income from interest, gross receipts, capital gains, and rents.

I.   Optional Standard Mileage Rate Expenses

During 2000, 2002, and January through November 2003 Mr. Larson drove a 1991 Land Rover for business travel.  In December 2003 through 2004 Mr. Larson drove a Mercedes 300TE for business travel.  During 2000, 2002, 2003, and 2004 Mr. Larson used a 1989 Cross Country Motorhome Recreational Vehicle (RV) for both business travel and personal travel.  When Mr. Larson drove the RV for business travel, he towed a passenger vehicle, either the Land Rover or a Karmann Ghia he owned, for local use.

Mr. Larson testified that he kept small hand-held mileage logs in his passenger vehicles in which he recorded his business trips and mileage each day, but he did not produce them at the time of trial.  He further testified that at the end of the week he transferred the information in his hand-held mileage log to weekly "rough charts", but he likewise did not produce them at the time of trial.  Mr. Larson further testified that he then

[3](...continued)
8829, Expenses for Business Use of Your Home, for 2002, 2003, and 2004 and incorrectly claimed Schedule A deductions for medical expenses exclusive of health insurance premiums for 2002, 2003, and 2004.  Mrs. Larson conceded she incorrectly claimed Schedule C and Schedule E deductions for each of the years at issue, and claimed incorrect amounts of health expenses exclusive of health insurance premiums for each of the years at issue.

prepared monthly mileage logs from his weekly rough charts. The monthly mileage logs were produced at the time of trial and contain the date, destination, business purpose, mileage, and odometer readings of every business trip Mr. Larson made within a given month. Petitioners never kept any type of mileage log relating to their use of the RV.

Mr. Larson's reported business miles for the years at issue vary depending on the respective source:

| Source | 2000 | 2002 | 2003 | 2004 |
|--------|------|------|------|------|
| Monthly logs | 40,367 | 40,480 | 28,820 | 36,578 |
| Miles disclosed on original returns[1] | 35,000 | 32,000 | 31,500 | 32,000 |
| Miles used for deductions claimed[2] | 36,653 | 32,274 | 32,334 | 32,400 |

[1]These business miles were reported on Mr. Larson's four returns at line 44 of Schedule C.

[2]These business miles are extrapolated from the amounts of the business deductions Mr. Larson claimed for the years at issue using the optional standard mileage rate. For example, in 2000 Mr. Larson claimed a business deduction of $11,912 for passenger vehicle expenses using the optional standard mileage rate. At a rate of $.325 per mile, Mr. Larson would have to have driven 36,653 miles to deduct this amount.

## II. Actual Expenses

### A. Leasing Expenses

Mrs. Larson held title to certain vehicles that she would lease to Mr. Larson for use in the E.L. Power business. These included the Land Rover, the RV, and the Mercedes. Vehicle

leases between Mrs. Larson and Mr. Larson reflected the following:

| Date | Vehicle | End Date | Terms |
|------|---------|----------|-------|
| 11/6/1998 | Land Rover | 12/6/2003 | $400 x 60 months |
| 5/2/2000 | RV | 11/30/2000 | $1,500 x 6 months |
| 5/01/2002 | RV | 11/1/2002 | $1,500 x 6 months |
| 5/01/2003 | RV | 11/1/2003 | $1,500 x 6 months |
| 12/01/2003 | Mercedes | 12/26/2006 | $450 x 36 months |

The vehicle leases provided that Mr. Larson was responsible for providing casualty insurance coverage for the leased vehicles and that Mrs. Larson was responsible for maintenance and repair costs for the leased vehicles.

During 2002 Mr. Larson paid Mrs. Larson at least $4,800 on the Land Rover lease and at least $9,000 on the RV lease. During 2003 Mr. Larson paid Mrs. Larson at least $4,400 on the Land Rover lease, at least $450 on the Mercedes lease, and at least $9,000 on the RV lease. During 2004 Mr. Larson paid Mrs. Larson at least $5,400 on the Mercedes lease and at least $9,000 on the RV lease. The record does not indicate that Mr. Larson issued Forms 1099-MISC, Miscellaneous Income, to Mrs. Larson or filed Forms 1096, Annual Summary and Transmittal of U.S. Information Returns, with respondent regarding the commissions and vehicle lease payments he paid to Mrs. Larson during 2002, 2003, or 2004.

On his returns Mr. Larson claimed deductions for vehicle lease expenses on Schedule C in the following amounts:

| Year | Deduction |
|------|-----------|
| 2002 | $500      |
| 2003 | 18,900    |
| 2004 | 14,400    |

On his amended returns Mr. Larson claimed deductions for vehicle lease expenses on Schedule C in the following amounts:

| Year | Deduction |
|------|-----------|
| 2002 | $14,600   |
| 2003 | 14,400    |
| 2004 | 14,400    |

B.  Vehicle Insurance Expenses

During 2002, 2003, and 2004 Mr. Larson incurred and paid vehicle insurance expenses of $1,930, $1,670, and $1,490, respectively, for the vehicles he used for business travel.  The record does not indicate the specific vehicles for which Mr. Larson incurred and paid vehicle insurance expenses or the separate cost of the vehicle insurance for each insured vehicle.

On his returns Mr. Larson claimed deductions for vehicle insurance expenses on Schedule C in the following amounts:

| Year | Deduction |
|------|-----------|
| 2002 | $1,930    |
| 2003 | 1,670     |
| 2004 | 1,490     |

C.  Vehicle Repair and Maintenance Expenses

On his 2000 return Mr. Larson claimed a deduction of $1,031 for repair and maintenance expenses on Schedule C.  The record does not indicate the specific vehicles for which Mr. Larson

incurred and paid repair and maintenance expenses, or the actual cost of such repairs.

## III. Mrs. Larson's Schedule E Expenses

On her amended returns Mrs. Larson claimed various Schedule E expenses. After concessions, Mrs. Larson continues to claim Schedule E expenses in the following amounts:

2002

| Item | Motorhome | Land Rover |
|---|---|---|
| Cleaning & maintenance | ---- | $250 |
| Other interest | $450 | ---- |

2003

| Item | Motorhome | Mercedes |
|---|---|---|
| Cleaning & maintenance | $250 | $200 |
| Management fees | 200 | ---- |
| Other interest | 6,000 | ---- |

2004

| Item | Motorhome | Mercedes |
|---|---|---|
| Cleaning & maintenance | $150 | ---- |
| Mortgage interest | 500 | $450 |
| Repairs | 4,000 | 350 |

Petitioners produced no evidence at the time of trial to support these figures.

## OPINION

## I. Mr. Larson's Automobile Expenses

Respondent determined that Mr. Larson has failed to substantiate either his business mileage or his actual expenses in any of the years at issue. Respondent also determined that

Mr. Larson is barred from claiming actual expense deductions for the Land Rover and the Mercedes because he deducted the costs of those vehicles by using the optional standard mileage rate. For the reasons discussed below, we disagree that Mr. Larson failed to substantiate his business mileage for the years at issue.

Deductions are a matter of legislative grace, and the taxpayer must prove he is entitled to the deductions claimed.[4] Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Pursuant to section 274(d), however, automobile expenses otherwise deductible as a business expense will be disallowed in full unless the taxpayer satisfies strict substantiation requirements. The taxpayer must substantiate the automobile expenses by adequate records or other corroborating evidence of items such as the amount of the expense, the time and place of the automobile's use, and the business purpose of its use. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Maher v. Commissioner, T.C. Memo. 2003-85.

---

[4]Petitioners do not argue that the burden of proof shifts to respondent pursuant to sec. 7491(a), nor have they shown that the threshold requirements of sec. 7491(a) have been met. In any event, we decide the issue on the basis of the preponderance of evidence on the record.

To satisfy the adequate records requirement of section 274(d), a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element," and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6 1985).

If a factual basis exists to do so, the Court may in another context approximate an allowable expense, bearing heavily against the taxpayer who failed to maintain adequate records. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). However, section 274(d) overrides the Cohan rule with

respect to section 280F(d)(4) "listed property" and thus specifically precludes the Court from allowing automobile expenses on the basis of any approximation or the taxpayer's uncorroborated testimony.

A.    Optional Standard Mileage Rate Expenses

In lieu of substantiating the actual amount of any expenditure relating to the business use of a passenger automobile, a taxpayer may use a standard mileage rate as established by the Internal Revenue Service.  See sec. 1.274-5(j)(2), Income Tax Regs.  The use of the standard mileage rate establishes only the amount deemed expended with respect to the business use of a passenger automobile.  Id.  The taxpayer must still establish the amount (i.e., business mileage), the time, and the business purpose of each use.  Id.

Mr. Larson has shown that he is entitled to more business miles than respondent conceded under the adequate records requirement of section 274(d).  Mr. Larson's monthly mileage logs were exhaustively detailed.  Although they were not themselves contemporaneous, Mr. Larson credibly testified that the logs were prepared from weekly charts which were in turn prepared from contemporaneous hand-held mileage logs.  Section 274(d) requires any record to be supported by documentary evidence and a noncontemporaneous record to be supported by evidence with a "high degree of probative value".  Sec. 1.274-5T(c)(1), Temporary

Income Tax Regs., supra.  Mr. Larson's voluminous monthly mileage logs, coupled with his highly probative testimony, satisfy the substantiation requirements of section 274(d).

To the extent that the business miles reported in Mr. Larson's monthly mileage logs do not correlate with the miles disclosed on his returns, we shall allow Mr. Larson to claim the lesser of the mileage shown on his returns, the mileage used to calculate his deduction, or the mileage substantiated by his monthly mileage logs as an automobile expense.  None of these figures deviate substantially from the highest figure reported in their respective years.  Thus we shall permit Mr. Larson to deduct optional standard mileage rate automobile expenses based on 35,000 business miles in 2000, 32,000 in 2002, 28,820 in 2003, and 32,000 in 2004.

B.  Actual Expenses

The vehicle expenses for which Mr. Larson claims deductions using the actual expense method are not allowable for any of the years at issue.  First, Mr. Larson is entitled to only one deduction per year.  He chose to use the optional standard mileage rate to calculate his Land Rover and Mercedes expenses, and we have allowed him to deduct the cost of a substantial number of miles using that method.  This deduction is in lieu of an itemized list of expenses including leasing, insurance, and maintenance.  Since Mr. Larson chose the optional method, he is

not entitled to deduct these actual expenses. See <u>Nash v. Commissioner</u>, 60 T.C. 503, 520 (1973).

Second, Mr. Larson has not substantiated his business use percentage for each of the vehicles he used each year. Under the actual expense method Mr. Larson is entitled to deduct only that percentage of the expense he incurred and paid in respect of a particular vehicle that equals his business use percentage for that same vehicle. Sec. 1.274-5T(d)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46025 (Nov. 6, 1985). Likewise, Mr. Larson has provided no evidence at all concerning the yearly business and personal mileage for the RV. For the foregoing reasons, we find that Mr. Larson is not entitled to any deductions for leasing, insurance, and maintenance expenses based on the actual expense method.

## II. Mrs. Larson's Schedule E Expenses

Respondent alleges that Mrs. Larson has failed to substantiate her various Schedule E expenses. We agree. The record is devoid of any evidence that substantiates Mrs. Larson's Schedule E expenses for which she still claims deductions. Thus, Mrs. Larson has not met her burden of proof with respect to her Schedule E expenses. See Rule 142(a). Accordingly, we conclude that Mrs. Larson is unable to deduct any Schedule E expenses not already allowed by respondent.

III. <u>Accuracy-Related Penalties</u>

Respondent determined that petitioners are liable for accuracy-related penalties under section 6662(a) for each of the years at issue. The accuracy-related penalty applies to any underpayment of tax required to be shown on a return that is attributable to negligence or disregard of rules or regulations under section 6662(b)(1).

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). However, section 6664(c)(1) provides that a penalty under section 6662 will not be imposed on any portion of an underpayment if the taxpayer shows reasonable cause for such portion of the underpayment and that the taxpayer acted in good faith with respect to such portion. Reliance on the advice of a professional, such as a certified public accountant, may constitute a showing of reasonable cause if, under all the facts and circumstances, such reliance is reasonable and the taxpayer acted in good faith. <u>Henry v. Commissioner</u>, 170 F.3d 1217, 1219-1223 (9th Cir. 1999), revg. T.C. Memo. 1997-29; <u>Betson v. Commissioner</u>, 802 F.2d 365, 372 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-264; sec. 1.6664-4(b)(1), (c), Income Tax Regs. To prove reasonable cause based on the receipt of professional advice, a taxpayer must show that he reasonably relied in good faith upon a qualified adviser after full

disclosure of all necessary and relevant facts. Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. Dister v. Commissioner, T.C. Memo. 1987-217; sec. 1.6664-4(b)(1), Income Tax Regs.

Under section 7491(c) the Commissioner has the burden of production with respect to the taxpayer's liability for the penalty provided by section 6662 and must come forward with sufficient evidence to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). But once the Commissioner meets that burden, the taxpayer has the burden of proof concerning whether the Commissioner's determination to impose the penalty is correct. Allen v. Commissioner, T.C. Memo. 2005-118.

Applying these principles to the cases before us, we conclude that respondent has met his burden of production under section 6662 for each of the years and cases at issue. Respondent has demonstrated that Mr. Larson incorrectly reported the receipts of E.L. Power for 2000 and 2003 and incorrectly claimed Schedule A and Schedule C deductions for all of the years at issue. Mrs. Larson incorrectly reported her Schedule C and E income for all of the years at issue and incorrectly claimed Schedule C and E deductions each year. Mrs. Larson failed to

maintain records to support her claimed Schedule E expenses.[5] These facts indicate that petitioners in general failed to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.

However, we find Mr. Larson's attempt to comply with the Internal Revenue Code's requirements regarding the substantiation of optional standard mileage rate expenses to be reasonable and made in good faith. See sec. 6664(c)(1). In the light of the fact that Mr. Larson is not a sophisticated taxpayer, the Court is impressed with his attempt to comply with the substantiation requirements of section 274(d). Accordingly, Mr. Larson is not liable for the accuracy-related penalty as it relates to adjustments to his optional standard mileage rate expenses.

Petitioners are otherwise unable to show why respondent's determination to impose the penalty is incorrect. Neither relied on the advice of a tax professional to prepare the returns. Nor have petitioners offered any reasonable cause (except as noted) for their inability to substantiate their claimed deductions. Accordingly, with the exception of those penalties attributable to adjustments to Mr. Larson's optional standard mileage expenses, petitioners are liable for their respective accuracy-related penalties under section 6662(a).

---

[5]Negligence includes a failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155 in docket Nos. 11501-06, 11502-06, and 11503-06</u>.