T.C. Memo. 2010-16

UNITED STATES TAX COURT

DOUGLAS ARTHUR ROYSTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3039-08.                    Filed February 1, 2010.

Douglas Arthur Royster, pro se.

<u>Brenda M. Fitzgerald</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined the following
deficiencies in petitioner's Federal income taxes and accuracy-
related penalties for the following tax years:

|  Year | Deficiency | Penalty Sec. 6662(a) |
|-------|-----------|----------------------|
| 2003 | $204 | -- |
| 2004 | 9,549 | $1,910 |
| 2005 | 4,081 | 816 |

We must decide the following issues:  (1) Whether petitioner is entitled, pursuant to sections 162 and 274(d), to deductions for car and truck expenses claimed on Schedules C, Profit or Loss From Business, for mileage driven during the tax years in issue; (2) whether petitioner failed to report net taxable gain from the sale of real property received during tax year 2003; (3) whether petitioner is entitled to a capital loss carryover for tax year 2004; (4) whether petitioner's gross income should be increased for a State tax refund, interest income, and retirement income he received during tax year 2004; and (5) whether petitioner is liable for the accuracy-related penalties pursuant to section 6662 for tax years 2004 and 2005.[1]

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code (Code), as amended, for the years in issue.  Amounts are rounded to the nearest dollar.

Petitioner claimed net operating loss carryovers for tax years 2004 and 2005, self-employment tax deductions for tax years 2003, 2004, and 2005, and an earned income credit for 2004.  The net operating loss carryovers, self-employment taxes and their corresponding deduction and the earned income credit are mechanical calculations that depend on the Court's resolution of the issues discussed herein.  Respondent's determinations in the notice of deficiency include such calculations based upon the

(continued...)

## FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated by the parties. The parties' stipulations of fact are incorporated in this opinion by reference and are so found.

At the time he filed his petition, petitioner resided in Georgia.

During 2003, petitioner sold real property at 6906 Speese Drive, Hiawassee, Georgia (real property), for $132,500. According to his settlement statement, at the time he purchased the real property in 2001, petitioner had a basis of $122,670 in the real property.

During the years in issue, petitioner was self-employed in the business of selling merchandise to retailers for resale to their customers. In connection with his business, petitioner drove to his customers' places of business in Georgia, South Carolina, North Carolina, and Virginia. Petitioner did not have a dedicated vehicle for his business travel, but rather used several vehicles for both business and personal use. Petitioner owned at least two vehicles during the years in issue, but he was unable to substantiate the number of vehicles he owned.

During each year in issue, petitioner kept a log of his travel (log). Each day, petitioner noted in his log the

---

[1](...continued)
other determinations respondent made in the notice of deficiency.

beginning and ending mileage but did not note each place he stopped or the business purpose of the stop.  For tax year 2003, petitioner claimed a deduction for 67,910 miles on his Federal income tax return; however, the log for business purposes for that year was lost.  For tax year 2004, petitioner claimed on his return a deduction for 62,456 miles for business purposes; however, the log for that year totals 63,398 miles.  For tax year 2005, petitioner claimed on his return a deduction for 58,616 miles for business purposes, which is the same total miles in his log for that year.

## OPINION

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]

We first address the issue of whether petitioner is entitled, pursuant to sections 162 and 274, to deductions for mileage on his Schedules C for the years in issue.  Petitioner contends that he substantiated his mileage deductions through his

---

[2]Petitioner does not contend that sec. 7491(a) should apply to shift the burden of proof to respondent, nor did he establish that it should apply to the instant case.

logs.[3]  Respondent contends that petitioner's logs do not meet the strict substantiation requirements of section 274(d).

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to the deductions claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Section 162 allows a deduction from income for all ordinary and necessary expenses for carrying on a trade or business during the taxable year.  Sec. 162(a).  A deduction is not allowed for any listed property unless the taxpayer properly substantiates:  (1) The amount of such expense, (2) the time and place of the travel, and (3) the business purpose.  Sec. 274(d).  Section 280F(d)(4) includes as listed property any passenger automobile.  Generally, automobile expenses must be disallowed in full unless the taxpayer satisfies the strict substantiation requirements of section 274(d).  Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Larson v. Commissioner, T.C. Memo. 2008-187; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

---

[3]Petitioner deducted amounts for car and truck expenses based on the standard mileage rates pursuant to sec. 1.274-5(g)(1), Income Tax Regs.  For 2003 the standard mileage rate was 36 cents per mile.  Rev. Proc. 2002-61, sec. 5.01, 2002-2 C.B. 616, 618.  For 2004 the standard mileage rate was 37.5 cents per mile.  Rev. Proc. 2003-76, sec. 5.01, 2003-2 C.B. 924, 925.  From Jan. 1 to Aug. 31, 2005, the standard mileage rate was 40.5 cents per mile.  Rev. Proc. 2004-64, sec. 5.01, 2004-2 C.B. 898, 900.  From Sept. 1 to Dec. 31, 2005, the standard mileage rate was 48.5 cents per mile.  Announcement 2005-71, 2005-2 C.B. 714.

Taxpayers may substantiate their mileage either by adequate records or by sufficient evidence that corroborates the taxpayer's own statement. Sec. 274(d). To satisfy the adequate records requirement, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Larson v. Commissioner, supra; sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence used to support a taxpayer's reconstruction "of the elements of * * * the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Larson v. Commissioner, supra; sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In the absence of adequate records, a taxpayer may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element" and by "other corroborative evidence sufficient to establish such element." Larson v. Commissioner, supra; sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). If a factual basis exists to do so, the Court may in some instances approximate an allowable expense, bearing heavily against the taxpayer who failed to maintain adequate

records.  <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, section 274(d) specifically precludes the deduction of automobile expenses on the basis of an approximation or a taxpayer's uncorroborated testimony.  <u>Sanford v. Commissioner</u>, <u>supra</u> at 827-828; <u>Larson v. Commissioner</u>, <u>supra</u>.

For tax year 2003, we conclude that petitioner has not offered sufficient proof of his mileage.  Petitioner testified that his mileage logs for his 2003 tax year were kept but had been lost.  Petitioner offered a random sampling of invoices to corroborate his mileage.  However, as section 274(d) requires a specific showing of time, place of travel, and business purpose, we are not persuaded that such evidence rises to the "level of credibility of a contemporaneous record."  See <u>Larson v. Commissioner</u>, <u>supra</u>; sec. 1.274-5T(c)(1), Temporary Income Tax Regs., <u>supra</u>.  Consequently, petitioner has not met the requirements for deducting the claimed mileage.  Accordingly, we sustain respondent's deficiency determination disallowing the deduction for car and truck expenses petitioner claimed for tax year 2003.

For tax year 2004, petitioner offered a log purporting to show that he drove a total of 63,398 miles in connection with his business.  We note that petitioner claimed fewer miles on his Schedule C for 2004 than those recorded in his log but offered no explanation of the difference.  For 2005, petitioner offered a

log similar to that offered in 2004. The total mileage of 58,616 from the 2005 log matches the total mileage claimed on petitioner's Schedule C for tax year 2005.

Petitioner's logs contain entries for only the beginning and ending odometer reading of the vehicle for each day. The logs do not contain any entries regarding the business purpose of the trips or the destination of each trip as required by section 274(d). The logs also indicate that petitioner drove multiple vehicles during tax years 2004 and 2005. However, petitioner was unable to verify how many vehicles he used for business during tax years 2004 and 2005 and how much of his mileage was personal. Accordingly, we conclude that the logs do not adequately substantiate petitioner's car and truck expenses for tax years 2004 and 2005.

Petitioner also offered a bookkeeping record and invoices for tax years 2004 and 2005. The invoices are a sampling of the total invoices for the respective tax year. We conclude that the bookkeeping record and invoices fail to meet the strict requirements of section 274(d). See Larson v. Commissioner, supra; sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Additionally, petitioner offered his testimony regarding the mileage expenses. Petitioner's testimony, however, was vague, unspecific, and unpersuasive as to the business purpose of the respective trips. Moreover, section 274(d) specifically

precludes the allowance of automobile expenses on the basis of an approximation or a taxpayer's uncorroborated testimony. Larson v. Commissioner, T.C. Memo. 2008-187. Petitioner's testimony was not sufficiently corroborated to be persuasive. Consequently, we sustain respondent's denial of petitioner's deductions for car and truck expenses for tax years 2004 and 2005.

We next turn to the issue of petitioner's income from capital gains. Respondent contends that petitioner failed to include $9,830 of income from capital gains received in 2003 and claimed an improper capital loss carryover for tax year 2004. Petitioner stipulated that he realized gross income of $132,500 from the sale of real property in tax year 2003. Petitioner's settlement statement from 2001 when he purchased the real property in issue provides a basis of $122,670.[4] Petitioner has the burden of proving that respondent's determination was incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115. Petitioner did not include the $9,830 gain from the sale of the real property in his gross income for tax year 2003 and has not presented any evidence or argument regarding that amount. Petitioner, therefore, has failed to meet his burden of proof. Accordingly, we sustain respondent's determination of a

---

[4]Neither petitioner nor respondent has presented evidence that petitioner's basis in the real property should be any amount other than the amount of the purchase price shown on the 2001 settlement statement.

deficiency with respect to the capital gain income from the sale of real property in 2003.

On his 2004 return, petitioner claimed a net capital gain of $53,256 after deducting both short-term and long-term capital losses. Respondent disallowed $6,700 of capital losses, increasing petitioner's income for tax year 2004 by $6,700. Petitioner bears the burden of proving that respondent's determination was incorrect. See Rule 142(a); Welch v. Helvering, supra at 115. Petitioner presented no evidence or argument regarding the issue and therefore has failed to meet his burden of proof. Accordingly, we hold that petitioner has failed to meet his burden, and we sustain respondent's deficiency determination regarding petitioner's income from capital gains for tax year 2004.

As to the issue of whether petitioner's gross income for tax year 2004 should be increased for a State income tax refund, interest income, and retirement income of $3,150, $131, and $6,395, respectively, petitioner bears the burden of proving that respondent's determination was incorrect. See Rule 142(a); Welch v. Helvering, supra at 115. Petitioner failed to present any evidence or argument on such issue, and therefore, fails to meet his burden of proof. Accordingly, we sustain respondent's deficiency determinations regarding the State income tax refund,

interest income, and retirement income petitioner received in tax year 2004.

Lastly, we turn to the issue of whether petitioner is liable for accuracy-related penalties for tax years 2004 and 2005 pursuant to section 6662. Taxpayers are subject to a 20-percent penalty for any underpayment which is attributable to, among other things, (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2); New Phoenix Sunrise Corp. & Subs. v. Commissioner, 132 T.C. ___, ___ (2009) (slip op. at 45-47). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code. Sec. 6662(c); see Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances). "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs. For individual taxpayers, there is a substantial understatement of income tax if the amount of the understatement for the tax year exceeds the greater of 10 percent of the amount required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Pursuant to section 7491(c), the Commissioner generally bears the burden of production for any penalty, but the

taxpayer bears the ultimate burden of proof.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  This determination is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Taxpayers bear the burden of proving that they had reasonable cause and acted in good faith.  See Higbee v. Commissioner, supra at 446; Dollander v. Commissioner, T.C. Memo. 2009-187.

Respondent contends that petitioner is liable for an accuracy-related penalty on account of negligence or disregard of rules or regulations for tax years 2004 and 2005.  Alternatively, respondent contends that petitioner's understatement for tax year 2005 was a substantial understatement.

The record establishes that respondent has met his burden of production.  Petitioner has failed to meet his burden of proving that he was not negligent or that he acted with reasonable cause and in good faith.  As discussed above, petitioner's mileage logs are not adequate records for his car or truck expenses claimed on Schedules C.  Furthermore, petitioner was not able to provide sufficient additional evidence to meet the strict substantiation requirements of section 274(d) or to prove that he did not

receive the unreported income items for his 2004 tax year. Accordingly, we hold that petitioner is liable for the accuracy-related penalties determined for tax years 2004 and 2005.[5]

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5]Because we hold petitioner liable for the accuracy-related penalty for his 2005 tax year on account of negligence or disregard of rules and regulations, we do not need to reach respondent's alternative argument that petitioner substantially understated his income tax.