**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-105

UNITED STATES TAX COURT

EFSTRATIOS AIVATZIDIS AND MARILYN CRIBBS PIEK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16691-12S.                               Filed December 17, 2013.

Efstratios Aivatzidis and Marilyn Cribbs Piek, pro sese.

Anna A. Long, for respondent.

SUMMARY OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent for any other case.
Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a statutory notice of deficiency to petitioners for 2009 in which he determined a deficiency in income tax of $5,376 and an accuracy-related penalty under section 6662(a) of $1,075.20.

The issues for decision are whether petitioners: (1) are entitled to deduct on Schedule A, Itemized Deductions, unreimbursed employee business expenses in excess of those respondent allowed; (2) are entitled to deduct repair and maintenance expenses on Schedule C, Profit or Loss From Business, in excess of those respondent allowed; (3) are entitled to deduct a loss on Schedule E, Supplemental Income and Loss; and (4) are liable for the accuracy-related penalty under section 6662(a).[1]

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioners resided in California when the petition was filed.

---

[1]Respondent's adjustment for self-employment tax is computational and will be resolved by the determination of the Court on the other issues.

## Background

Petitioners timely filed their Federal income tax return for 2009. Petitioner Efstratios Aivatzidis during the years relevant to this opinion was in the business of contracting his services as a limousine driver. During 2009 petitioner Marilyn Cribbs Piek, a registered nurse, was employed first at Tri-City Medical Center (Tri-City) in an administrative position and then as an in-home health care worker with "Oasis" in Oceanside, California.

Petitioners purchased a house in Oceanside in 2006. Later that year, in order to pursue certain business opportunities in and near Los Angeles, California, petitioners moved to Santa Monica, California. While living in Santa Monica petitioners rented out the Oceanside house. Tenants subjected the house to "substantial damages" during 2006 through 2007. Petitioners made repairs before receiving new tenants. The Oceanside house remained rented out through December 2008. Petitioners attempted unsuccessfully to continue to rent it out in 2009, and they moved back in and remained there through December 2009.

When petitioners filed their 2009 Federal income tax return, in addition to their Schedule E they attached a Form 8582, Passive Activity Loss Limitations, showing a loss of $4,336 for "Activities with net loss" and a loss of $22,701 for "Prior years unallowed losses". After application of the "phase-out" provision of

section 469(i)(3), petitioners claimed a passive activity loss of $22,412 for 2009 that they deducted on Schedule E. Respondent, upon examination of the return, disallowed the deduction.

Petitioners deducted on Schedule C for the "Limousine Driver" business car and truck expenses of $16,992 based on mileage, for which respondent made no adjustment. They also deducted $5,567 as repair and maintenance expenses, which respondent disallowed, and unreimbursed employee business expenses of $20,099[2] on Schedule A, of which respondent disallowed $3,257.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). The Court finds that petitioners have not argued or shown that they have met the requirements of section 7491(a) and the burden of proof does not shift to respondent.

---

[2]The amount deducted after the sec. 67(a) reduction of miscellaneous itemized expense deductions by 2% of adjusted gross income.

Employee Business Expenses

Petitioners deducted unreimbursed employee business expenses of $20,099 with respect to Mrs. Piek's jobs as a health care professional. Respondent determined that petitioners were entitled to deduct $16,842 of the amount shown on the return. Petitioners failed to offer any evidence to prove that they are entitled to a deduction in excess of what respondent allowed. Respondent's determination of petitioners' allowable unreimbursed employee business expenses is sustained.

Repair and Maintenance Expenses

Petitioners deducted on the Schedule C for Mr. Aivatzidis' limousine business car and truck expenses of $16,992 based on mileage, for which respondent made no adjustment, and $5,567 as actual vehicle repair expenses, which respondent disallowed.

There is nothing on petitioners' Schedule C to indicate that they used more than one vehicle in the limousine business.[3] Petitioners testified at trial, however, that Mr. Aivatzidis used two vehicles in conducting his limousine business in

---

[3]A taxpayer may use a standard mileage rate as established by the Internal Revenue Service (IRS) in lieu of substantiating actual expenses for the business use of a passenger automobile. See sec. 1.274-5(j)(2), Income Tax Regs. A taxpayer may use either method but not both. Larson v. Commissioner, T.C. Memo. 2008-187.

2009. According to Mrs. Piek, Mr. Aivatzidis used an SUV and a "Town Car" in 2009. Mr. Aivatzidis used the optional standard mileage rate to calculate his expenses for the SUV, he testified, and his actual repair and maintenance expenses for the Town Car. Mr. Aivatzidis testified that he had had an accident in 2008 that damaged the front of the Town Car and the damage cost $1,690 to repair. Mr. Aivatzidis testified that the car was involved in a second accident in either 2008 or 2009 that caused $2,100 of damage. He added that he paid for the repairs himself because he was afraid his insurance premiums would increase if he made an insurance claim.

Petitioners' problem here is that they failed to provide any substantiation for any automobile repair or maintenance expense paid in 2009 or, in fact, any evidence that they owned a Town Car that was damaged. Respondent's adjustment to petitioners' deduction for repair and maintenance expenses on Schedule C is sustained.

Schedule E Deduction

Respondent argues that section 280A precludes petitioners' Schedule E deduction of a real estate loss relating to the Oceanside house. The Court agrees with respondent. Section 280A(a) provides that save for exceptions that do not apply to petitioners, no deductions from income otherwise allowable may be taken

with respect to a dwelling that is used by the taxpayer as a residence during the taxable year. The provision does not disallow deductions normally available to homeowners, such as mortgage interest and real estate taxes. Sec. 280A(b). Respondent did not adjust petitioners' deductions on Schedule A of real estate taxes of $6,930 and mortgage interest of $26,680.

A dwelling is used as a residence of the taxpayer during the taxable year if the taxpayer uses it for personal purposes more than the greater of 14 days or 10% of the number of days it is used as a rental unit. Sec. 280A(d)(1). Petitioners were unable to rent the Oceanside house to third parties and lived in it for six months during 2009. Because petitioners failed to rent the house at all during 2009, section 280A(g)(1) also prevents petitioners from deducting "rental" expenses. Respondent's determination to deny petitioners' Schedule E deduction is sustained.[4]

Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001);

---

[4]As petitioners did not dispose of the Oceanside property in 2009, they are not entitled to deduct passive losses accumulated in earlier years. See secs. 469(f)(1), (g), 280A(c)(3).

Trowbridge v. Commissioner, T.C. Memo. 2003-164, aff'd, 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. at 446.

Respondent determined that for 2009 petitioners underpaid a portion of their income tax because of negligence or intentional disregard of rules or regulations. Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the portion of the underpayment attributable to negligence or disregard of rules or regulations.

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalty is not imposed with respect to any portion of an underpayment if a taxpayer demonstrates that there was reasonable cause for that portion of the underpayment and that they acted in good faith with respect to that portion. See sec. 6664(c). Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in

light of * * * the experience, knowledge, and education of the taxpayer." The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  Id.

On the basis of petitioners' failure to keep adequate books and records or to substantiate items properly, the Court concludes that respondent has produced sufficient evidence to show that the imposition of the accuracy-related penalty under section 6662(a) is appropriate for 2009.

Petitioners for 2009 failed to substantiate itemized deductions and Schedule C expenses and deducted Schedule E expenses for a home in which they lived during the year.  Petitioners did not show that there was reasonable cause for, and that they acted in good faith with respect to, any portion of the underpayment of tax for 2009.

Therefore, respondent's determination of the accuracy-related penalty under section 6662(a) and (b)(1) for 2009 is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.