T.C. Memo. 2018-46

UNITED STATES TAX COURT

ALVARO G. VELEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23718-15.                              Filed April 5, 2018.

Alvaro G. Velez, pro se.

<u>Daniel J. Bryant</u>, <u>Jason T. Scott</u>, and <u>Michael Skeen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency in petitioner's

Federal income tax of $19,742 and an accuracy-related penalty under section

6662(a) of $3,948.40 for tax year 2012.[1]  After concessions,[2] the issues for

_____

[1]  Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] decision are whether petitioner is: (1) entitled to a car and truck expense deduction of $18,945.80 claimed on Schedule C, Profit or Loss From Business, and (2) liable for the accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. At the time he filed his petition, petitioner resided in California.

Petitioner is an attorney licensed to practice in California and Ohio. Petitioner practices tax law and has represented clients before the Tax Court. In 2012 petitioner operated an Ohio law practice, maintaining five offices across the State. His main office was in Columbus, and his four satellite offices were in Dayton, Cincinnati, Independence, and Toledo.

Petitioner usually traveled to and between his offices weekly. On his 2012 Schedule C petitioner claimed a car and truck expense deduction of $29,693 for these trips. However, during 2012 petitioner did not maintain a formal mileage

---

[1](...continued)
Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent conceded all previously disallowed legal expense deductions. Petitioner conceded all disallowed travel expense deductions and a portion of his car and truck expense deduction.

[*3] log.  In reporting his car and truck expenses, petitioner elected to use the applicable standard mileage rates.[3]

On June 16, 2015, respondent timely issued a statutory notice of deficiency for the 2012 tax year.  Respondent determined a deficiency of $19,742, denying deductions for petitioner's car and truck expenses, travel expenses, and legal and professional services expenses.  Respondent also determined an accuracy-related penalty under section 6662(a) of $3,948.  Petitioner timely petitioned this Court.

On February 8, 2018, respondent filed a motion to reopen the record to introduce evidence of supervisory approval for the section 6662(a) accuracy-related penalty.  Attached to this motion were a signed penalty approval form and the declaration of Mary Landoni-Gibson, respondent's examiner for petitioner's case.  On February 13, 2018, the Court issued an order for petitioner to file any objection to respondent's motion by February 27, 2018; petitioner did not respond to this order.

---

[3] The Commissioner generally updates the optional standard mileage rate annually.  See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2010-51, 2010-51 I.R.B. 883.  For 2012 the rate was 55.5 cents per mile.  See Notice 2012-1, sec. 2, 2012-2 I.R.B. 260.

**[*4]**                                            OPINION

I.    Burden of Proof

As a general rule, the Commissioner's determinations in a notice of

deficiency are presumed correct, and the taxpayer bears the burden of proving that

the determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111,

115 (1933).  Deductions are a matter of legislative grace, and the taxpayer

generally bears the burden of proving entitlement to any deductions claimed.[4]

Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New

Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

II.   Car and Truck Expense Deduction

Section 162(a) permits a taxpayer to deduct all ordinary and necessary

expenses paid or incurred in carrying on a trade or business.  See Commissioner v.

Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971).  A trade or business

expense is ordinary if it is normal or customary within a particular trade, business,

---

[4] Sec. 7491(a) provides that if, in any court proceeding, a taxpayer intro-duces credible evidence with respect to any factual issues relevant to ascertaining the liability of the taxpayer for any tax imposed by subtit. A or B and meets other prerequisites, the Secretary shall have the burden of proof with respect to that issue.  Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).  However, petitioner has neither argued nor shown that he satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent.  Accordingly, petitioner bears the burden of proof.  See Rule 142(a).

[*5] or industry. Welch v. Helvering, 290 U.S. at 114. A trade or business expense is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. at 113.

A taxpayer ordinarily must maintain sufficient records to substantiate the amounts of his or her income and entitlement to any deduction or credits claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. If, however, a taxpayer is able to prove that he or she paid or incurred a deductible business expense but cannot prove the amount of the expense, we may estimate the amount allowable in some circumstances under the Cohan rule. See Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930).

For certain kinds of business expenses, including automobile expenses, section 274(d) overrides the Cohan rule. See secs. 274(d)(4), 280F(d)(4)(A)(i); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). To deduct such items, the taxpayer must substantiate through adequate records or other corroborative evidence the amount of the expense, the time and place of the expense, and the business purpose of the expense. Sec. 274(d).

**[\*6]** To meet the "adequate records" test under section 274(d) and the relevant regulations, the taxpayer must maintain an account book, a diary, a log, a statement of expense, trip sheets or similar records, and documentary evidence, such as receipts or bills, which, in combination, are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, "the probative value of written evidence is greater the closer in time it relates to the expenditure or use." Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985); see also Larson v. Commissioner, T.C. Memo. 2008-187. In the absence of adequate records to establish each element of an expense under section 274(d), a taxpayer may alternatively establish an element "(A) [b]y his own statement, whether written or oral, containing specific information in detail as to such element; and (B) [b]y other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). Section 1.274-5(j)(2), Income Tax Regs., provides that the strict substantiation requirements of section 274(d) for vehicle expenses as to the amount of each business use and the time and business purpose of each use must be met even where the optional standard mileage rate is used.

[*7]   Petitioner argues that he is entitled to deduct car and truck expenses by using standard mileage rates as applied to the 34,136 business miles he says he drove in 2012.[5]  At trial petitioner produced two reconstructed mileage logs purporting to show his client-related automobile use and administrative automobile use.  To reconstruct his client-related miles, petitioner relied on entries he made in his iPad calendar in 2012.  Petitioner used his American Express and United Mileage Plus statements to reconstruct his administrative miles.  Petitioner created his reconstructed logs two days before trial.  He did not offer a copy of his iPad calendar into evidence.

Despite the introduction of petitioner's reconstructed logs, petitioner has not satisfied the strict substantiation requirements of section 274(d).  Neither of the logs satisfies the "adequate records" requirement because petitioner created them several years after the relevant automobile use, and long after he had full present knowledge of each element of each expenditure or use.  See sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Furthermore, the calendar petitioner used to create the logs is absent from the record, and the credit card statements and other documents in evidence are

---

[5]  This amounts to a deduction of $18,945.48, which is less than the $29,693 that petitioner claimed on his return.  Petitioner did not offer an explanation for this disparity.

**[\*8]** insufficient to corroborate the business purpose or location of petitioner's expenditures. In the absence of adequate records or other sufficient corroborating evidence to establish each element of his claimed car and truck expense deduction, we sustain respondent's determination on this issue.

III.    Accuracy-Related Penalty

Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20% of the portion of an underpayment of tax attributable to: (1) negligence or disregard of rules or regulations, or (2) a substantial understatement of income tax. Whether applied because of a substantial understatement of income tax or negligence or disregard of rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and good faith. Sec. 6664(c)(1).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term

**[\*9]** "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

The Commissioner has the burden of production with respect to the accuracy-related penalty.  Sec. 7491(c).  To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The Commissioner's burden of production under section 7491(c) includes establishing compliance with the supervisory approval requirement of section 6751(b).[6]  Graev v. Commissioner, 149 T.C. ___, ___ (slip op. at 14) (Dec. 20, 2017), supplementing and overruling in part Graev v. Commissioner, 147 T.C. __ (Nov. 30, 2016); see also Chai v. Commissioner, 851 F.3d 190, 222 (2d Cir. 2017) (citing Higbee v. Commissioner, 116 T.C. at 446).  Once the Commissioner meets this burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 447.  The taxpayer may meet this burden by proving that he or she acted with reasonable cause and in good faith with respect to the

---

6 Sec. 6751(b) requires written supervisory approval of the initial determination of certain penalties.

[*10] underpayment.  See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs.

The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances, including the taxpayer's knowledge, education, and experience, as well as the taxpayer's reliance on professional advice.  Thomas v. Commissioner, T.C. Memo. 2013-60, at *7; see Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23, at *33-*34; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied his burden of production with regard to negligence by establishing that petitioner did not maintain sufficient records to support the car and truck expenses underlying his deduction.  Petitioner's disallowed deduction is directly attributable to his failure to maintain sufficient records.  Respondent has also satisfied his burden of production with regard to the supervisory approval requirement of section 6751(b).  Respondent produced a completed penalty approval form and declaration of his examiner that establish supervisory

**[\*11]** approval.[7] Petitioner, on the other hand, has not offered any evidence that he had reasonable cause for his failure to maintain satisfactory mileage logs. We therefore sustain respondent's imposition of the accuracy-related penalty for 2012.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

>An appropriate order will be issued, and decision will be entered under Rule 155.

---

[7] Respondent produced the penalty approval form and the declaration of his examiner in his motion to reopen the record. Reopening the record to receive additional evidence is a matter within the discretion of the trial court. Butler v. Commissioner, 114 T.C. 276, 286-289 (2000) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331-332 (1971)), abrogated on other grounds, Porter v. Commissioner, 132 T.C. 203 (2009). We will not grant a motion to reopen the record unless, among other requirements, the evidence relied on is not merely cumulative or impeaching but is material to the issues involved and probably would change some aspect of the outcome of the case. Id. at 287. The documents respondent produced in his motion are not cumulative or impeaching but are material and would allow respondent to meet his burden of production regarding the penalty. As petitioner does not object to the motion, respondent's motion to reopen the record will be granted.