T.C. Memo. 2016-111

UNITED STATES TAX COURT

JAMES CLEMENT POWELL AND LUCY H. POWELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21839-14.                    Filed June 8, 2016.

James Clement Powell and Lucy H. Powell, pro se.

<u>Matthew S. Reddington</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In a notice of deficiency, respondent determined deficiencies and penalties with respect to petitioners' 2011 and 2012 Federal income tax as follows:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2011 | $14,256 | $2,851 |
| 2012 | 4,504 | -0- |

The issues for decision are: (1) whether petitioners are entitled to a $24,253 deduction for vehicle expenses claimed by their S corporation, WPL, Inc. (WPL), on its Form 1120S, U.S. Income Tax Return for an S Corporation, for 2011;[1] (2) whether petitioners overstated their total deductions by $18,000 because of a math error on line 20 of the Form 1120S for 2012; (3) whether petitioners are entitled to a $25,308 miscellaneous expense deduction and a $1,842 medical and dental expense deduction on Schedule A, Itemized Deductions, for 2011; (4) whether petitioners had taxable Social Security benefits of $26,768 for 2011; (5) whether petitioners are liable for an accuracy-related penalty pursuant to section 6662(a)[2]

---

[1] Because WPL is an S corporation, separate audit procedures do not apply, and we may consider respondent's arguments to both the S corporation returns and petitioners' individual returns in the notice of deficiency. See, e.g., Winter v. Commissioner, 135 T.C. 238 (2010).

[2] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded to the nearest dollar.

[*3] for 2011; and (6) whether we have jurisdiction to hear petitioners' claim that respondent is liable for damages under section 7433.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed petitioners resided in the Commonwealth of Virginia.

James Powell is the sole owner of WPL. WPL is in Virginia and is engaged in acquiring and selling petroleum marketing properties, appraising petroleum marketing properties, and negotiating gasoline and diesel fuel supply contracts. Lucy Powell works for WPL, and Mr. Powell works as an independent consultant to WPL. In addition to Mrs. Powell, WPL has one other employee. Petitioners and the other WPL employee traveled between Pennsylvania, North Carolina, Virginia, and West Virginia for various business purposes including meeting with clients, appraising properties, and negotiating contracts. Petitioners used personal vehicles to travel between sites. The business mileage was recorded in three different ways on spreadsheets that Mr. Powell maintained.

First, for some activities Mr. Powell kept a log of the miles he drove for clients and would record them as daily entries after he returned to his office. Although the log reflects these as daily entries, a number of these entries for 2011

**[*4]** appear to be estimates and/or are missing information regarding the trip: February 1, 2, 5, 6; March 20, 21; April 5; all entries in May; June 23; July 12, 14, 21, 25; September 13 (second entry), 14, 16 (first entry); and October 18. Most of these entries fail to list the destination, listing instead a purpose or a business or an individual with whom Mr. Powell met. The miles listed for some entries differ significantly from other entries for trips to the same location, with no explanation for the difference, and are rounded numbers.[3] All of the entries listed for the month of May appear to be estimates. Finally, some entries report only the State to which Mr. Powell drove.

The remaining daily entries list specific mileage (not rounded) and the purpose. The following entries fall into this category: January 4; February 10, 17; March 1, 17; April 6, 7, 20; June 1, 2, 6, 9, 15, 20, 21; July 6, 20, 22, 27, 28; August 7, 9, 12, 31; September 1, 13 (first entry), 16 (second entry); October 17, 24; November 1, 2, 7, 9, 14, 16; December 12, 19, 20. These entries reflect a total of 13,281 miles, 5,055 of which correspond to entries for travel before July 1, 2011, and 8,226 of which correspond to entries for travel on July 1, 2011, or later.

---

[3] For instance, petitioners reported trips to Franklin as 325 miles, 348 miles, 500 miles, and 600 miles.

**[*5]** In addition, these entries include a location or, if not, the location reasonably can be inferred from the description given and its context.[4]

Second, for other activities Mr. Powell did not record the miles as daily entries but instead recorded them at the end of the month. He would keep track of how many times he went out for a particular activity during the month and then would record the miles at the end of the month as one entry. Third, because Mrs. Powell and the other WPL employee would not keep daily logs of their mileage, at the end of the year Mr. Powell estimated their business mileage.

Petitioners timely filed their joint Forms 1040, U.S. Individual Income Tax Return, for tax years 2011 and 2012, using TurboTax for the first time to prepare their tax return for 2011.

On their 2011 Form 1040 petitioners claimed a deduction for a loss of $58,022 on line 17 for items reported on Schedule E, Supplemental Income and Loss.[5] The $58,022 loss reported on petitioners' Schedule E included a $24,253

---

[4] For instance, for the entries reported on March 17, September 16 (second entry), and November 9 a location can be reasonably inferred from the context and the descriptions given even though they do not give a specific location.

[5] On their Form 1040 for 2011 petitioners claimed the $58,022 loss deduction twice, once on line 14, corresponding to a loss on the sale of business property reported on Form 4797, Sales of Business Property, and once on line 17, corresponding to a loss from WPL reported on Form 1120S. Respondent

(continued...)

**[*6]** deduction for travel expenses representing petitioners' mileage, recorded and estimated as described above.

On their Schedule A petitioners claimed a deduction of $47,600 which included a $25,308 miscellaneous expense deduction[6] and a $1,842 medical and dental expense deduction. The miscellaneous expense deduction related to the operation of an LLC that Mr. Powell referred to as the "hops business" (about 80 acres of land that petitioners own in Hillsborough, North Carolina, on which they produce hops). Respondent disallowed both the miscellaneous expense deduction and the medical and dental expense deduction.

Petitioners also reported Social Security benefits of $31,492 with a taxable amount of zero for 2011. Respondent determined that, with the adjustments made

---

[5](...continued)
disallowed the deduction for the Form 4797 loss, determining that petitioners had deducted the loss from WPL twice and did not have a loss on a sale of business property. Petitioners admitted in their petition "that an error had been made and that petitioners had not incurred a 2011 loss on the sale of property of $58,022.00". At trial petitioners disputed the disallowance of this deduction but provided no evidence that they were entitled to it. We consider this issue conceded and sustain respondent's disallowance of the deduction for the Form 4797 loss.

[6] Petitioners reported $25,444 of miscellaneous expenses that resulted in a $25,308 deduction after subtracting 2% of their reported adjusted gross income.

**[*7]** to petitioners' adjusted gross income in the notice of deficiency, the taxable amount of Social Security benefits should have been $26,768.

On December 9, 2013, respondent received a Form 1040X, Amended U.S. Individual Income Tax Return, from petitioners amending the 2011 tax return and claiming that: (1) the loss of $58,022 reported on the Form 4797 should have been zero; (2) the taxable Social Security benefits should have been $14,622; and (3) the other income on line 21 should be changed from $130,150 to $103,711. As a result of the amendment, petitioners assert that the total tax owed for 2011 should be $15,484. Respondent did not accept the Form 1040X for filing and made no adjustments to petitioners' tax liability as a result of its submission.

On their 2012 Form 1040 petitioners reported a tax liability of $25,523, and on their 2012 Form 1120S for WPL they reported ordinary business income of $31,239. On WPL's Form 1120S petitioners were instructed to add lines 7 through 19, which report the individual deductions that the S corporation claimed, and write the sum--the total deductions for the S corporation--on line 20. But on WPL's Form 1120S, the sum of lines 7 through 19 is $213,415, whereas the total amount of deductions reported on line 20 is $231,415. In the notice of deficiency respondent determined an assessment for 2012 because of this apparent math error, claiming that the total expenses on WPL's Form 1120S should have been

[*8] $213,415.  At trial Mr. Powell presented a profit and loss statement for WPL for 2012 that reported the total expenses as $231,415.  The profit and loss statement included expenses that were shown on lines 7 through 19 of WPL's Form 1120S but with numbers that differed from those shown on the individual lines.  The sum of the individual items on the profit and loss statement matched the sum shown on the profit and loss statement and matched the total expenses shown on line 20 of the Form 1120S.

Petitioners timely filed their petition seeking redetermination of deficiencies and an accuracy-related penalty in the notice of deficiency.

## OPINION

## I.  Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under section 7491(a), in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner.  Petitioners have not claimed or shown that they meet the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

**[*9]**    Deductions are a matter of legislative grace, and a taxpayer must prove his

or her entitlement to deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79,

84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

## II.  WPL's 2011 Schedule E Vehicle Expense Deduction

Generally, an S corporation shareholder determines his or her tax liability

by taking into account a pro rata share of the S corporation's income, losses,

deductions, and credits.  Sec. 1366(a)(1).  At issue is whether petitioners are

entitled to a $24,253 vehicle expense deduction for WPL that respondent

disallowed for tax year 2011.  We must determine whether WPL properly claimed

its deductions for 2011 before we can determine whether petitioners are entitled to

deduct flowthrough business losses from WPL.

Taxpayers are required to substantiate expenses underlying each claimed

deduction by maintaining records sufficient to establish the amount of the

deduction and to enable the Commissioner to determine the correct tax liability.

Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001).  Under the Cohan

rule, where a taxpayer is able to demonstrate that he or she has paid or incurred a

deductible expense but cannot substantiate the precise amount, the Court may

estimate the amount of the expense if the taxpayer produces credible evidence

providing a basis for the Court to do so.  Cohan v. Commissioner, 39 F.2d 540,

[*10] 544 (2d Cir. 1930).  Section 274(d) supersedes the Cohan rule, however, imposing strict substantiation requirements for certain expenses such as vehicle expenses.  Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

To meet these strict substantiation requirements, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) the amount of the expense; (2) the time and place of the travel or use; and (3) the business purpose of the expense.  Sec. 274(d).  To substantiate by adequate records, the taxpayer must provide:  (1) an account book, a log, or a similar record and (2) documentary evidence, which together are sufficient to establish each element with respect to an expenditure.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Section 274(d) contemplates that no deduction or credit shall be allowed on the basis of mere approximations or unsupported testimony of the taxpayer.  Compare Jackson v. Commissioner, T.C. Memo. 2014-160 (married taxpayers met strict substantiation requirement for deduction of depreciation and interest expenses for a recreational vehicle (RV) for one tax year at issue in deficiency case but not for the other year; for one year, taxpayers produced a contemporaneously made calendar listing dates of RV rallies and clients with

[*11] whom they met in connection with taxpayers' insurance brokerage business, and taxpayers also produced a list that detailed types of conversations held with clients at the rallies, but for the other year, taxpayers produced no substantiating records), and Sievers v. Commissioner, T.C. Memo. 2014-115 (finding taxpayer's credible testimony about the vehicles and equipment used in a landscape business and the amount of fuel that they required, corroborated by log showing fuel purchases and supporting bank records, met the strict substantiation requirement) with Boler v. Commissioner, T.C. Memo. 2002-155 (corporation could not deduct travel expenses of sole shareholder's wife for allegedly running errands for the corporation absent evidence of the amount, time, place, and business purpose of those travel expenses on behalf of the corporation).

Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6 1985). Compare Reynolds v. Commissioner, 296 F.3d 607, 617 (7th Cir. 2002) (taxpayer's reconstructed chart of claimed expenses did "not contain the type of specific detail mandated by the Treasury Regulations; all of the travel and car maintenance expenses * * * [were]

**[\*12]** listed by month rather than by specific trip"), aff'g T.C. Memo. 2000-20, and Grossnickle v. Commissioner, T.C. Memo. 2015-127 (taxpayer's typewritten statement that showed only total business mileage and the total dollar amount claimed, along with more detailed noncontemporaneous log, did not rise to the level of credibility of a contemporaneous record because source of information and taxpayer's methodology in log's preparation were not adequately explained), with Larson v. Commissioner, T.C. Memo. 2008-187 (although taxpayer's monthly mileage logs were not themselves contemporaneous, they were exhaustively detailed, and taxpayer credibly testified that logs were prepared from weekly charts which were in turn prepared from contemporaneous hand-held mileage logs).

Likewise, mileage logs that report only the State to which the taxpayer traveled fall short of the strict reporting requirements because they fail to specify the location. Adams v. Commissioner, T.C. Memo. 2013-92 (mere listing of the State of the destination of taxpayer's purported business trip does not meet the strict substantiation requirements for the deduction of vehicle mileage expenses).

Only those daily entries described above, see supra p. 4, that list specific mileage and detail the purpose and location (or for which location can be reasonably inferred) meet the strict substantiation requirements as

[*13] contemporaneous documentation. The remaining daily entries appear to be estimates and/or omit required information as to purpose and location. Mr. Powell's testimony did not compensate for the defects or otherwise lend the necessary credibility to his logs. Likewise the mileage that Mr. Powell estimated and recorded at the end of the month and the mileage he estimated at the end of the year do not rise to the level of credibility required to substantiate the mileage he reported. Nor did petitioners provide other credible evidence to corroborate the mileage reported as monthend and yearend estimates.

For the 2011 Schedule E vehicle expense deduction, we therefore hold that petitioners are permitted to deduct mileage expenses for 13,281 miles. At a rate of 51 cents per mile for the entries dated before July 1, 2011 (5,055 miles), and a rate of 55.5 cents per mile for the entries dated July 1, 2011, or later (8,226 miles), the total deduction that we allow for vehicle expenses is $7,143. See Notice 2010-88, 2010-51 I.R.B. 882; Announcement 2011-40, 2011-29 I.R.B. 56.

III. WPL's 2012 Schedule E Deduction

In the notice of deficiency respondent indicated that he had assessed additional tax on petitioners' 2012 Schedule E for a mathematical error. Since the mathematical error was reflected in a notice of deficiency along with other

**[\*14]** adjustments, the Court has jurisdiction to decide this issue. See sec. 6213(b)(1); see also Winter v. Commissioner, 135 T.C. 238.

We find credible Mr. Powell's explanation that the discrepancy arose from an error in transferring numbers from WPL's profit and loss statement to lines 7 through 19 of the Form 1120S only. Petitioners correctly transcribed the total amount of the expenses from the profit and loss statement of WPL onto line 20 of Form 1120S. Petitioners' error therefore did not affect the total amount of tax they were required to pay for 2012. At trial respondent asserted only that petitioners had admitted to a math error and did not address petitioners' argument that this was a simple transcription error from the profit and loss statement of WPL to the tax form that did not affect their total tax liability. Nor did respondent challenge the validity of the expenses reflected on the profit and loss statement. We will not attempt now to audit the profit and loss statement, and, without a specific challenge to any expenses deducted for 2012, we will allow the additional $18,000 deduction on petitioners' 2012 Schedule E. See Niemann v. Commissioner, T.C. Memo. 2016-11, at \*5-\*6 (finding prejudice where the Commissioner raised substantiation for the first time at trial and only after original assertion that deductions were "double-claimed" was proven not to be true, preventing the

[*15] taxpayer from being able to present documents to substantiate the expenses at issue).

IV. 2011 Schedule A Itemized Deductions

Respondent disallowed two of petitioners' 2011 Schedule A expense deductions: a $1,842 medical and dental expense deduction and a $25,308 miscellaneous expense deduction.

A. Medical and Dental Expense Deduction

Section 213(a) authorizes a taxpayer who itemizes deductions to deduct expenses paid during the taxable year for the medical care of the taxpayer, the taxpayer's spouse, or a dependent to the extent that such expenses exceed 7.5% of adjusted gross income. For 2011 petitioners reported $2,353 of medical and dental expenses and claimed an itemized deduction for these expenses of $1,842. Respondent determined that, because of the changes to petitioners' adjusted gross income, the unreimbursed medical and dental expense deduction should be disallowed. This is a computational adjustment required in the light of the previous holdings. After the changes to petitioners' adjusted gross income mentioned previously, 7.5% of petitioners' adjusted gross income will exceed their unreimbursed medical and dental expenses, and therefore we sustain the disallowance of the deduction.

**[\*16]** B.  Miscellaneous Expense Deduction

Petitioners also reported $25,444 of miscellaneous expenses and, after subtracting 2% of their reported adjusted gross income, claimed a $25,308 miscellaneous expense deduction on their 2011 Schedule A.  This deduction relates to many expenses incurred in connection with petitioners' North Carolina "hops business".  Respondent disallowed the entire amount.  Petitioners bear the burden of demonstrating their entitlement to deduct the claimed expenses.  See INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; New Colonial Ice Co. v. Helvering, 292 U.S. at 440.  Petitioners have appeared before the Court on two previous occasions and are aware of the rules requiring substantiation of their expenses.  Powell v. Commissioner, T.C. Memo. 2014-235; Powell v. Commissioner, T.C. Dkt. No. 9562-14S (filed Apr. 29, 2014).  The Court's standing pretrial order, dated February 24, 2015, also advised petitioners that all documents should be stipulated amongst the parties or exchanged before trial. Nonetheless, petitioners failed to produce at trial any documentation to substantiate the expenses underlying their deductions.  The Court held the record open after trial for the parties to stipulate additional documents relating to these expenses.  However, the parties were unable to reach an agreement.  Petitioners have failed to demonstrate to the Court that respondent unreasonably withheld

**[*17]** agreement.  Therefore, we sustain respondent's disallowance of the miscellaneous expense deduction.

## V.  Social Security Benefits

Section 86 provides for the taxability of Social Security benefits pursuant to a statutory formula.  If a taxpayer's "modified adjusted gross income" plus one-half of the Social Security benefits received during the taxable year exceeds the "base amount", then a portion of the taxpayer's Social Security benefits is includible in gross income.  Sec. 86(a)-(d); see also McAdams v. Commissioner, 118 T.C. 373, 375-376 (2002).  The "base amount" is $32,000 in the case of a joint return.  Sec. 86(c)(1)(B).

Petitioners received $31,492 of Social Security benefits for tax year 2011.  Respondent determined that $26,768 of petitioners' Social Security benefits was taxable for tax year 2011.  If, after Rule 155 computations, petitioners' modified adjusted gross income plus one-half of the Social Security benefits they received during 2011 exceeds $32,000, then a portion of petitioners' Social Security benefits will be includible in gross income as provided in section 86.  The precise

**[*18]** amount of Social Security benefits includible in petitioners' gross income for 2011 also will be determined through Rule 155 computations.[7]

## VI.  Section 6662 Penalty

Petitioners contest the imposition of an accuracy-related penalty under section 6662(a) and (b)(2) for an underpayment of tax attributable to a substantial understatement of income tax for 2011.

There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return for the tax year or $5,000.  Sec. 6662(d)(1)(A); sec. 1.6662-4(a) and (b), Income Tax Regs.  If the Rule 155 computations confirm a substantial understatement, then respondent has met his burden of production, see sec. 7491(c), and petitioners are liable for the penalty unless they can demonstrate that respondent's penalty determination was incorrect, for example because there was reasonable cause for any portion of the underpayment and that they acted in good faith, see sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 446-447.

---

[7] At trial counsel for respondent also mentioned an adjustment to petitioners' self-employment tax liability for each of 2011 and 2012.  The notice of deficiency includes no adjustment to petitioners' self-employment tax liability for either tax year, however, and counsel for respondent did not propose any adjustments to their self-employment tax liability.  Therefore, the issue of petitioners' self-employment tax liability is not properly before us.

**[*19]** The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's efforts to assess the proper tax liability. Id.; see Halby v. Commissioner, T.C. Memo. 2009-204.

Petitioners claim that their use of tax preparation software caused the mistakes. In the absence of evidence of a mistake in the software or a more thorough effort by petitioners to determine their correct tax liability, we cannot conclude that they have shown reasonable cause for the underpayment on their 2011 tax return. We further hold that petitioners' substantiation, which was to precede any tax preparation, largely fell short of what was required. We therefore hold that if Rule 155 computations confirm a substantial understatement, petitioners are liable for the penalty for an underpayment attributable to a substantial understatement of income tax under section 6662(a) and (b)(2).

VII. Section 7433 Damages

Petitioners seek $25,000 and $10,000 in damages for tax years 2011 and 2012, respectively, from respondent under section 7433. Section 7433(a) provides that a taxpayer may bring a civil action for damages against the United States in a U.S. District Court if an officer or employee of the Internal Revenue Service

**[\*20]** recklessly or intentionally or by reason of negligence disregards any provision of the Internal Revenue Code.  This Court therefore lacks jurisdiction to hear petitioners' section 7433 claim.  See, e.g., Petito v. Commissioner, T.C. Memo. 2002-271.

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under

Rule 155.