T.C. Summary Opinion 2021-12

UNITED STATES TAX COURT

NICKELS B. PEEPLES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17117-17S.                    Filed May 19, 2021.

Nickels B. Peeples, pro se.

Jerrika C. Anderson, for respondent.

SUMMARY OPINION

PARIS, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in Federal income tax of $3,657 in a notice of deficiency dated May 8, 2017, for petitioner's 2014 tax year.

The issues for decision are whether petitioner: (1) is entitled to deduct certain unreimbursed employee business expenses for 2014[2] and (2) is entitled to deduct tax preparation fees under section 162 for 2014.

## Background

Some of the facts have been stipulated and are so found. The first stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Alabama when he timely filed his petition.

Petitioner's Background

In 2014 petitioner was a heavy equipment operator working as part of an earth stripping crew for Vulcan Materials Co. (Vulcan), a company that produced and distributed construction materials. Vulcan had several locations in Alabama. Petitioner was originally hired to work out of the Helena location but in 2014 was

[2]This issue is considered before the application of the 2% of adjusted gross income limitation imposed by sec. 67(a). The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, sec. 11045, 131 Stat. at 2088, amended sec. 67 by suspending miscellaneous itemized deductions for any taxable year beginning after December 31, 2017, and before January 1, 2026.

traveling to multiple Vulcan locations in Alabama. Petitioner did not stay overnight in the vicinity of his out of town locations but drove home every night.

Petitioner reported on his 2014 tax return that he drove 32,640 business miles in 2014 but did not establish the distance from his home to his original Helena assignment or to any of the Vulcan locations. Petitioner did not keep a log, calendar, or any records of which Vulcan locations he worked at during the year, for how long he worked at each location, or of how many miles he drove between Vulcan's locations in 2014. Additionally, petitioner was unable to provide through testimony any specific locations at which he worked, how often he worked at those locations, or how many miles he drove between those work locations.

Petitioner's 2014 Tax Return

Petitioner timely filed his 2014 Form 1040, U.S. Individual Income Tax Return. Petitioner's 2014 tax return signature block reflects that the return was "self-prepared" and does not reflect the name or signature of a paid preparer. Although petitioner hired a certified public accountant (CPA) to prepare an amendment to his 2014 tax return, the receipt for those services reflects that the services were performed in 2017 and does not reference tax preparation services

for the original 2014 tax return.  Petitioner did not provide a receipt for tax preparation services for his prior year tax return.

On his 2014 return petitioner deducted unreimbursed employee business expenses of $27,128 on Schedule A, Itemized Deductions.  Petitioner's reported expenses included 32,640 business miles driven totaling $18,278, travel expenses while away from home overnight of $8,500, and other business expenses of $350. The other business expenses included steel-toed boots and other safety equipment to replace the Vulcan-provided safety equipment that wore out.  None of the expenses petitioner deducted on his Schedule A were reimbursed by Vulcan, and petitioner did not keep receipts of the other business expenses.  Vulcan provided petitioner a letter in 2017 that stated:  "Part of the requirements for * * * [petitioner's] position is to travel from site location to site location throughout any given year."  Petitioner also claimed a deduction for tax preparation fees of $77.

Respondent's Determination

On May 8, 2017, respondent issued to petitioner a notice of deficiency disallowing his Schedule A miscellaneous itemized deductions of $27,205. Respondent asserts in the notice of deficiency that petitioner failed to substantiate expenses underlying his claimed deductions.

Discussion

I.     Burden of Proof

Generally, the Commissioner's determination in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving it incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. The taxpayer bears the burden of proving that the taxpayer has met the requirements of section 7491(a). Rolfs v. Commissioner, 135 T.C. 471, 483 (2010), aff'd, 668 F.3d 888 (7th Cir. 2012). Petitioner has not argued that section 7491(a) applies and has not shown that he meets its requirements to shift the burden of proof; therefore, the burden remains on him.

II.    Whether Petitioner Is Entitled to the Claimed Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 162(a) permits "as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". To be deductible, ordinary and necessary expenses must be

"directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. Additionally, section 212 generally allows the deduction of ordinary and necessary expenses paid or incurred during the tax year for the production of income. Sec. 1.212-1(d), Income Tax Regs. Such expenses must be reasonable in amount and bear a reasonable and proximate relationship to the production of income. Id. However, a taxpayer may not deduct personal expenses. Sec. 262(a). As a general rule, expenses for traveling between one's home and one's place of business or employment constitute commuting expenses and, consequently, are nondeductible personal expenses. See sec. 262(a); Fausner v. Commissioner, 326 U.S. 465 (1946); Feistman v. Commissioner, 63 T.C. 129, 134 (1974).

Generally, a taxpayer must keep records sufficient to establish the amounts of expenses underlying the deductions claimed on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, the Court generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court generally will not estimate a deductible

expense, however, unless the taxpayer presents sufficient evidence to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine for certain categories of expenses. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Section 274(d)(4) provides that no deduction shall be allowed with respect to any listed property defined in section 280F(d)(4), unless the taxpayer substantiates: the amount of the expense, the time and place of the use of the property, the business purpose of the expense, and the business relationship to the taxpayer of the property used. See Boyd v. Commissioner, 122 T.C. 305, 320 (2004). Listed property includes any "passenger automobile". Sec. 280F(d)(4)(i).

Because passenger automobiles constitute "listed property", petitioner's reported car and truck expenses are subject to the heightened substantiation requirements under section 274(d). While a taxpayer may opt to use the standard mileage rate to calculate car and truck expenses, the taxpayer must strictly substantiate the business mileage and the business purpose of each vehicle use. See sec. 1.274-5(j)(2), Income Tax Regs. To satisfy these requirements, the taxpayer generally must keep a contemporaneous mileage log, calendar, or other

adequate record that substantiates the extent to which the vehicle was actually used for business rather than personal purposes. See Michaels v. Commissioner, 53 T.C. 269, 275 (1969); Larson v. Commissioner, T.C. Memo. 2008-187; sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

In the absence of adequate records, a taxpayer alternatively may establish an element of an expenditure by "his own statement, whether written or oral, containing specific information in detail as to such element" and by "other corroborative evidence sufficient to establish such element." Larson v. Commissioner, slip op. at 11 (quoting section 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985)). Even if an expense would otherwise be deductible, the deduction may still be denied if there is insufficient substantiation to support it. See sec. 1.274-5T(c)(3), Temporary Income Tax Regs., supra.

Respondent contends that petitioner has not provided adequate records to substantiate expenses underlying any of his claimed deductions. The Court agrees. At trial petitioner did not provide any testimony or documents to support his claimed deductions for his car and truck expenses or travel expenses. Petitioner did not keep contemporaneous mileage logs, calendars, or other records

to determine miles driven between worksites, the locations of his worksites, and the time worked at those sites. Even though petitioner's employer, Vulcan, issued a letter stating petitioner was required to travel to varying sites as part of his employment, that letter was dated in 2017 and was not specific as to the details necessary to support petitioner's claimed deductions. Additionally, petitioner could not provide an explanation or documentation as to what the reported away from home overnight travel expenses pertained to as he drove home at the end of every workday. The Court, therefore, concludes that petitioner has not substantiated the reported car and truck expenses or the related travel expenses.

Further, petitioner testified that he did not keep receipts for any of the safety equipment, steel-toed boots, or other work gear he reported as other business expenses. Petitioner reported other business expenses of $350. His testimony was inconsistent and unsupported by the record. He did not provide the Court adequate documentation or information that would allow applying the so-called Cohan rule. See Cohan v. Commissioner, 39 F.2d at 543-544; Vanicek v. Commissioner, 85 T.C. at 743.

Finally, petitioner reported $77 in tax preparation expenses. The only receipt he could provide was for CPA services for an amended 2014 return that were performed in 2017. Petitioner could not provide a receipt for tax preparation

services for his prior year return, 2013. Therefore, the Court concludes that petitioner has not substantiated the tax preparation expenses.

III.    Conclusion

The Court has considered all the parties' arguments, and, to the extent not addressed above, the Court concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.