T.C. Memo. 2022-1

UNITED STATES TAX COURT

MOHAMED H. ELBASHA, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25192-13.                    Filed January 12, 2022.

<u>Ahmed Hassan</u>, for petitioner.

<u>Jason P. Oppenheim</u> and Alexandra Jamel (student), for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined for tax year 2008 a deficiency in

tax of $44,056 and a section 6662[1] penalty of $8,811, and for tax year 2009 a

deficiency in tax of $28,541 and a section 6662 penalty of $5,708.

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended and in effect at all relevant times, and all Rule

**[\*2]**   Respondent moved at trial in Atlanta, Georgia, for an increased deficiency on the basis of a change in petitioner's filing status for both tax years.  After concessions,[2] the issues remaining to be decided are petitioner's filing status; whether and to what extent petitioner can deduct Schedule C expenses; and penalties.[3]

FINDINGS OF FACT

Two stipulations of facts are hereby incorporated.[4]  Petitioner purchased a condominium in Atlanta on February 18, 2008, which he owned until 2013.

---

references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[2]Petitioner concedes recharacterizing $52,000 of gross receipts reported on Schedule C, Profit or Loss From Business, as wage income for the 2009 tax year and adjustments in the notice of deficiency in the following amounts:  $1,669 for a Schedule C meals and entertainment deduction for the 2008 tax year; $2,857 for a capital loss deduction for the 2008 tax year; and $82,269 for a Schedule C commissions and fees deduction for the 2009 tax year.  Petitioner also concedes that he made contributions to a nonqualified organization and is therefore not allowed to deduct on his Schedule A, Itemized Deductions, the contributions under sec. 170(a)(1).

[3]Petitioner conceded some statutory adjustments, such as self-employment tax and the correct amount of the additional child tax credit because of income limitations.  These adjustments shall be calculated in accordance with our findings herein.

[4]Respondent objects to any addition into the record of unstipulated documents petitioner electronically filed with the Court on August 24, 2015, but

[*3] Petitioner was born in Sudan and had family there during 2008 and 2009. Petitioner's Sudanese family included his wife, Suzan Ahmed. They married sometime during 2008 and remained married through the end of 2009. They welcomed a daughter in 2009. Petitioner's wife did not move to the United States until 2010. Petitioner resided in Georgia when he filed the petition.

Petitioner timely filed his 2008 Form 1040, U.S. Individual Income Tax Return, claiming single filing status. His 2008 return reported a total tax due of $14,594. He timely filed his 2009 Form 1040 claiming head of household filing status. His 2009 return reported total tax of $3,318. The returns were prepared by Joseph E. Summersgill of Tax Man Diversified, Inc.

Petitioner worked as a contract emergency room doctor at Murray Medical Center between June or July 2007 and 2010. Murray Medical Center is in Chatsworth, Georgia, approximately 177 miles round trip from petitioner's condominium. Petitioner did not see patients at any facility other than Murray Medical Center during 2008 and 2009. For tax year 2008 and part of tax year 2009 petitioner reported the income and expenses related to his medical practice on Schedules C.

failed to present at trial. As the documents were not presented into evidence at trial, they do not form part of the record.

**[*4]** A.    Cost of Goods Sold 2008

On the basis of his experience in the United States, petitioner decided to start a business overseas staffing emergency room physicians.  He turned to Sari Abdelwahab to help in this venture.  He deducted, as cost of goods sold for 2008, payments made in cash or through Western Union totaling $32,580.  Petitioner placed in the record a list of payment entries showing dates, sender names, recipients, amounts, service charges, totals, and Western Union tracking numbers.  None of the recipients on the chart is Sari Abdelwahab.  The recipients include Abdelrahman Elbasha Hamoda; Fahmi Elbasha; Susan Abdeeaz; and Ahmed Yassin.  Petitioner testified that he never received any jobs through Mr. Abdelwahab.  Respondent disallowed this deduction in full.

B.    Other Expenses Deduction 2008

Petitioner reported other expenses of $36,897 on his 2008 Schedule C, of which $27,610 was continuing education expenses.  Respondent disallowed $18,536 of those expenses.

Petitioner submitted into evidence charts listing the following continuing education expenses:  $13,749 spent on "Critical Care of Tropical Diseases" in Khartoum, Sudan; $12,015 spent on "Practi-Med:  Critical Care" in Dubai, United Arab Emirates; $847 spent on "Chronic Heart Failure" in London, United

[*5] Kingdom; and $1,000 spent on "Kaplan Medical Course" in Atlanta.[5]  The costs of trips to Khartoum and Dubai each include the following categories of expenses, with specific subtotals:  registration, flights, accommodations, meals, medical, materials, gifts, entertainment, transportation, and miscellaneous.

C.      Rent/Lease--Other Business Property Deduction 2008

Petitioner deducted $18,000 for a Schedule C rent/lease--other business property expense on his 2008 Form 1040.  This deduction related to the use of petitioner's condominium as a home office.  He provided a chart listing the hours each month he worked at home but could not explain how these hours translated to $18,000.  Some household expense amounts can be inferred from his deduction of certain home-related expenses on his 2008 Form 1040 Schedule A.  Respondent disallowed this amount in full.

D.      Office Expenses Deduction 2008

Petitioner deducted $9,820 for office expenses on his 2008 Form 1040. Respondent disallowed this amount in full.  Petitioner provided a chart listing monthly amounts for office expenses.

---

[5]These amounts are separate and in addition to the $27,610 of continuing education expenses and the $14,524 of travel expenses petitioner reported on the 2008 Schedule C.

[*6] E.     Interest--Other Deduction 2008

Petitioner deducted $2,030 for interest on his 2008 Form 1040.  Respondent

disallowed the deduction in full.  Petitioner neither explained the business purpose

of the interest nor disputed the adjustment.  There is no evidence in the record

supporting the purpose or amount of the deduction.

F.     Travel Deduction 2008

Petitioner deducted $14,524 for travel expenses on his 2008 Form 1040.

The deduction represents $3,861 for hotels near Murray Medical Center; $3,951

for "items used for travels"; and $6,712 for a business meeting at Cairo Alsalam

Hospital in Cairo, Egypt.  Petitioner provided a chart showing his monthly hotel

and travel items expenses.  A second chart shows his Cairo expenses, which

include costs for the flight, accommodation, meals, materials, limousine,

entertainment, and gifts.  Respondent disallowed $12,021 of petitioner's claimed

travel deduction.

G.     Car and Truck Expenses Deduction 2008

Petitioner claimed a car and truck expense deduction of $20,091 on his 2008

Form 1040 for 36,864 miles driven that year.  Petitioner provided a chart showing

30,125 miles driven between his condominium and Murray Medical Center and

6,739 miles driven to a library, usually the Northwest Regional Library in

[*7] Chatsworth during the 2008 tax year. Respondent allowed $6,801 of this deduction. Petitioner did not provide the Court with a contemporaneous mileage log.

H.    Cost of Goods Sold 2009

Until March 2009 petitioner continued to operate the Schedule C business related to his medical practice.[6] On his 2009 Form 1040 petitioner claimed cost of goods sold of $28,320. As with 2008, this figure represents payments made to Mr. Abdelwahab. Respondent disallowed the tax year 2009 claimed cost of goods sold in full.

OPINION

The Commissioner's determination of a deficiency is entitled to a presumption of correctness. Welch v. Helvering, 290 U.S. 111, 115 (1933). Income tax deductions are a matter of legislative grace, and it is the burden of the taxpayer to clearly show the right to any claimed deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). In certain circumstances, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491(a)(1) shifts the burden of proof to

---

[6]In March 2009 petitioner incorporated his Schedule C business under the name of Advanced Emergency Medical Coverage, and he became an employee.

[*8] the Commissioner.  Rule 142(a)(2).  Petitioner has failed to offer sufficient substantiation of his expenses and consequently has the burden of proof with respect to all of the Schedule C deductions.  See sec. 7491(a)(2).

Taxpayers must maintain records sufficient to show how they determined their tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  This includes showing both the amount and the purpose of a claimed deduction.  Higbee v. Commissioner, 116 T.C. 438, 440 (2001).  Petitioner therefore bears the burden of proving both the amounts and the purposes of his Schedule C deductions.  See id.

I.    Filing Status

On the other hand, if the Commissioner raises a new matter, he has the burden of proof as to that matter.  Rule 142(a); Tabrezi v. Commissioner, T.C. Memo. 2006-61, slip op. at 8 (citing Shea v. Commissioner, 112 T.C. 183, 190-191 (1999)).  The Commissioner raises a "new matter" when he goes beyond the scope of the original deficiency determination.  Tabrezi v. Commissioner, slip op. at 8 (citing Shea v. Commissioner, 112 T.C. at 190-191).  At trial respondent moved for an increased deficiency on the basis of changes in petitioner's filing status for both years in issue.  As respondent did not challenge petitioner's filing status in the notice of deficiency, this is a new matter, and he bears the burden of proof.  For tax

[*9] year 2008 petitioner claimed single filing status, and for tax year 2009 he claimed head of household filing status.

A.    Tax Year 2008

To file under the single filing status, a person must be unmarried, not a surviving spouse, and not a head of household.  See sec. 1(c).  The test to determine a taxpayer's marital status is set out in section 7703.  Sec. 1(a)(1).  The determination of whether an individual is married should be made at the close of the taxable year unless that individual's spouse dies during that year.  Sec. 7703(a)(1).  A person is not considered married at the close of the taxable year if he either (a) is separated from a spouse under a decree of divorce or separate maintenance agreement, or (b) furnishes over half of the costs of maintaining a household that does not include the spouse but does include a certain child or children.[7]  Sec. 7703(a) and (b).

Petitioner was married at the close of the 2008 tax year but contends he is entitled to the single filing status because his wife lived abroad.  Simply having a spouse living apart or abroad is insufficient for a person to be considered not

---

[7]Petitioner does not contend that he qualifies as unmarried under sec. 7703(b).  He does not satisfy the requirements of subsec. (b) because in 2008 he had no children for whom he was allowed a dependency exemption.

[*10] married. Respondent's motion is therefore granted as to petitioner's increased deficiency due to a change in filing status for tax year 2008.

B.      Tax Year 2009

Petitioner filed his 2009 tax return as a head of household filing status because his daughter was born that year. See sec. 2(b). A person may file as a head of household only if the individual is not married at the close of the taxable year. Sec. 2(b)(1). For purposes of the head of household filing status, a taxpayer is not considered married at the close of the taxable year if that person's spouse is a nonresident alien. Sec. 2(b)(2)(B). Petitioner testified that at the end of 2009 he was married but his wife, an alien, was not present in the United States. Respondent provided no evidence to refute petitioner's testimony. Respondent has not met his burden of proof, and the motion is therefore denied as to petitioner's increased deficiency due to a filing status change for tax year 2009.

II.      Schedules C

Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". An expense is ordinary if it is "normal, usual, or customary" in the taxpayer's trade or business. Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is "appropriate and helpful" in the taxpayer's business,

[*11] but it need not be absolutely essential. Commissioner v. Tellier, 383 U.S. 687, 689 (1966) (quoting Welch v. Helvering, 290 U.S. at 113). Whether an expense is deductible pursuant to section 162 is a question of fact to be decided on the basis of all relevant facts and circumstances. Cloud v. Commissioner, 97 T.C. 613, 618 (1991). No deduction is allowed for personal, living, or family expenses. Sec. 262(a).

Taxpayers must maintain records sufficient to show how they determined their tax liability. Sec. 6001; DeLima v. Commissioner, T.C. Memo. 2012-291; sec. 1.6001-1(a), Income Tax Regs. Providing a chart of expenses to the Court is not enough to substantiate a claimed deduction. See G.D. Parker, Inc. v. Commissioner, T.C. Memo. 2012-327, at *50 ("[A] simple chart of expenses paid without documentation of the actual payments is not enough to substantiate the expenses.").

If a taxpayer has proven that he paid an expense but is unable to prove the exact amount, the Court may apply the Cohan doctrine and estimate the deductible expense. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Robinson v. Commissioner, T.C. Memo. 2011-99. In applying the Cohan doctrine the Court "bear[s] heavily" against the taxpayer whose difficulty in substantiating his deductions is of his own making. Robinson v. Commissioner, slip op. at 19-20.

**[*12]** "[The Tax Court] generally will not estimate a deductible expense, however, unless the taxpayer presents sufficient evidence to provide some basis upon which an estimate may be made." Id., slip op. at 20.

Section 274(d) provides stricter guidelines for some forms of claimed deductions. See Leschke v. Commissioner, T.C. Memo. 2001-18. Under section 274, a deduction is generally disallowed for travel, meals and entertainment, gift, and listed property expenses unless the taxpayer can prove by adequate records or sufficient evidence corroborating: "(A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift." Sec. 274(d); Robinson v. Commissioner, T.C. Memo. 2011-99.

Generally, a deduction which falls under the strict substantiation rules must be disallowed in full unless the taxpayer meets all four elements. Robinson v. Commissioner, T.C. Memo. 2011-99. While a contemporaneous log may not be required to meet these elements, the taxpayer should put forth "corroborative evidence used to support a taxpayer's reconstruction of the expenditure [which] 'must have a high degree of probative value to elevate such statement' to the level

[*13] of credibility of a contemporaneous record." Id., slip op. at 21 (quoting Larson v. Commissioner, T.C. Memo 2008-187, slip op. at 11). In the absence of adequate records, a taxpayer may provide detailed testimony (oral or written) as to each element. Id., slip op. at 22. Even an otherwise deductible expense may be denied without sufficient substantiation. Id. We do not estimate expenses using the Cohan doctrine for section 274 expenses. Id.

A.    Cost of Goods Sold for Tax Years 2008 and 2009

Petitioner claimed costs of goods sold of $32,580 and $28,320 for tax years 2008 and 2009, respectively. Respondent disallowed these costs in the notice of deficiency; consequently, they do not constitute a new matter as petitioner contends. Petitioner bears the burden of proving that he is entitled to the costs of goods sold.

Taxpayers may deduct a "reasonable allowance for salaries or other compensation for personal services actually rendered" if they are ordinary and necessary expenses in carrying on a trade or business. Sec. 162(a)(1). Petitioner contends his costs of goods sold are for payments made to Mr. Abdelwahab to help establish a business. Petitioner contends that it is ordinary and necessary for a physician seeking international contracts to pay an employment broker, even when contracts are not ultimately secured.

**[\*14]** Petitioner has failed, however, to substantiate these expenses. Petitioner testified that payments were made directly to Mr. Abdelwahab in cash or to his family via Western Union. The only document in the record corroborating his testimony is a list of payments made in 2008. There are no entries for 2009 on this list, and there is no other evidence in the record regarding payments made in 2009.

There are no entries that show Mr. Abdelwahab as the recipient of these payments. Every recipient has either petitioner's last name or the first or last name of his wife. Petitioner has put forth no evidence to corroborate his testimony that the claimed recipients are Mr. Abdelwahab's relatives, and Mr. Abdelwahab did not testify. Although petitioner provided respondent a copy of an employment contract, a statement from Mr. Abdelwahab acknowledging receipt of the stated amounts, and the nature of work he performed, none of these documents was introduced into evidence during the trial. As a result, this chart is insufficient to prove that petitioner made any payments to Mr. Abdelwahab and that they were made for a business purpose. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); G.D. Parker, Inc. v. Commissioner, T.C. Memo. 2012-327. We will not apply the Cohan doctrine to these payments because petitioner has not provided sufficient evidence for the basis of an estimate. See Robinson v. Commissioner, T.C. Memo. 2011-99. Even

**[\*15]** if properly substantiated, these expenses would constitute startup costs and still not be deductible.  See sec. 195.

Petitioner has not shown how these payments were ordinary and necessary payments for services rendered related to his Schedule C business.  Respondent's determination is sustained, and petitioner's 2008 and 2009 costs of goods sold are disallowed in full.

B.      Other Expenses Deduction for Tax Year 2008

The "Other Expenses" in dispute all relate to continuing education expenses.  Respondent disallowed $18,536, the amount petitioner listed for flights, accommodations, registration, materials, meals, medical expenses,[8] gifts, entertainment, transportation, and miscellaneous items such as visa airport fees for his conferences in Khartoum, Dubai, London, and Atlanta.

---

[8]Petitioner reported $2,737 of medical expenses as continuing education expenses for his Sudan and Dubai trips.  To deduct medical expenses for 2008, a taxpayer would have to report these expenses on Schedule A and could claim deductions only in excess of 7.5% of the taxpayer's adjusted gross income.  Sec. 213(a); 2008 Instructions for Schedules A & B (Form 1040), at A-1.  Even if petitioner substantiated the amounts reported, his 2008 tax return shows adjusted gross income of $68,060.  Because of the 7.5% adjusted gross income limitation, petitioner could deduct medical expenses only in excess of $5,105 (assuming his reported adjusted gross income was correct).  Petitioner's medical expenses therefore would not meet the income limitations set forth on Schedule A.

[*16] Continuing education expenses are generally deductible. Sec. 1.162-5(a), Income Tax Regs. Travel expenses for continuing education may also be deductible. Sec. 1.162-5(e), Income Tax Regs. Travel and related expenses are subject to the strict substantiation requirements of section 274(d). Because these expenses are subject to the strict substantiation requirements, the Cohan doctrine does not apply. See Robinson v. Commissioner, T.C. Memo. 2011-99.

Petitioner submitted into evidence various charts listing his expenses. Most of his continuing education expenses fall under the strict substantiation requirements of section 274(d). He is therefore required to provide adequate records or sufficient evidence corroborating his charts or statements. See sec. 274(d). He did not provide receipts or proof of payment for these trips; the record does not contain proof of these payments. The charts alone do not substantiate his expenses. See G.D. Parker, Inc. v. Commissioner, T.C. Memo. 2012-327. As a result, these deductions are disallowed in full. See Hradesky v. Commissioner, 65 T.C. at 90.

Even if petitioner had substantiated these expenses, it is unclear that they are not at least somewhat personal. At all times during 2008 petitioner was a contract emergency room doctor in Chatsworth. During 2008 and 2009 petitioner had family in Sudan. Petitioner did not provide hotel receipts, airline tickets, or any

**[*17]** other evidence of the length of his trips. If a trip had a personal component, the amount of petitioner's deduction would be limited. See sec. 1.162-5(e), Income Tax Regs. Petitioner's choice to fly from Georgia to Sudan, his home country where he has family, suggests a highly personal motive for this trip.

Respondent allowed $9,074 of petitioner's continuing education expense deduction. For the remaining expenses, petitioner has failed to meet the strict substantiation requirements of section 274 and failed to account for the portion of expenses attributable to personal activity. For these reasons, we sustain respondent's determination as to the other expenses deduction.

C. Rent/Lease--Other Business Property Deduction 2008

Petitioner deducted $18,000 for rent/lease--other business property for his home office in 2008. Respondent disallowed this amount in full. Taxpayers may deduct home office expenses relating to a portion of the home that is used exclusively and regularly: (a) as the principal place of business for any trade or business of the taxpayer; (b) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business; or (c) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. Sec. 280A(a), (c)(1).

[*18] During 2008 petitioner worked as an emergency room doctor at Murray Medical Center. He testified that he had no office at Murray Medical Center and so exclusively used one room in, or 50% of, his condominium to do paperwork related to his emergency room duties. He does not contend that he met with patients in his condominium. As petitioner's home office is not a separate structure from his dwelling unit, and no "patients, clients, or customers" met or dealt with him at his home office, the only test he may satisfy is the "principal place of business" test. See sec. 280A(c)(1)(A).

The term "principal place of business" may include "a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of such trade or business where the taxpayer conducts substantial administrative or management activities of such trade or business." Sec. 280A(c) (flush language). While a home office deduction is not subject to the strict substantiation requirements of section 274(d), the taxpayers have a "heavy burden * * * to establish the deductibility of expenses related to a home office." Crawford v. Commissioner, T.C. Memo. 1993-192, 1993 WL 133325, at *4. When determining the proper amount of a reported home office expense, taxpayers should provide some proof of how they calculated the deduction. See Margolis v.

[*19] Commissioner, T.C. Memo. 1999-24 (using the taxpayer's annual rent and the square footage of the home and office space to determine the amount of the allowed deduction), aff'd without published opinion, 213 F.3d 636 (4th Cir. 2000).

Petitioner contends that he had no other fixed location in which to conduct administrative or management activities and that he used his home office to meet with business consultants and associates; receive his schedules and business calls; and perform administrative and other job-related work. The only home office meetings he testified to were those with respondent's agents. He did not provide any contracts from Murray Medical Center showing that he did not have office space or submit any other documentation that office space would be needed for his job. He did not have any other party testify to the need to have office space outside of the hospital.

We have held that when most of the services a taxpayer performs for patients are performed at hospitals with some followup at the home office, the home office does not constitute a principal place of business. Crawford v. Commissioner, 1993 WL 133325, at *6. Petitioner also failed to substantiate the amount of his deduction. He could not remember how he calculated the $18,000

[*20] home office deduction[9] and did not maintain sufficient records to decipher it. See sec. 6001; DeLima v. Commissioner, at *23 (citing Tokarski v. Commissioner, 87 T.C. 74, 77 (1986)); sec 1.6001-1(a), Income Tax Regs.; see also Hradesky v. Commissioner, 65 T.C. at 90. There is no corroborating evidence to show that petitioner's home office occupied half of his condominium. Petitioner did not provide the Court with pictures, floorplans, diagrams, or blueprints of his condominium or home office. We cannot, therefore, know the layout or the percentage of his condominium used as a home office. There is insufficient evidence in the record to form a basis for an estimate. See Cohan v. Commissioner 39 F.2d 540; Robinson v. Commissioner, T.C. Memo. 2011-99.

---

[9]Petitioner contends that $18,000 was less than half of his yearly mortgage payment. The only mortgage-payment-related information in the record is found on petitioner's Schedule A, as adjusted through pretrial concessions. The figures include property taxes of $12,847, mortgage insurance premiums of $2,196, points not reported on Form 1098 of $3,510, and home mortgage interest of $12,381. The $18,000 petitioner claimed is more than half of the $30,934 total. The record does not contain any information to substantiate mortgage payments made in excess of $30,934. Furthermore, petitioner already deducted this amount on his Schedule A. A taxpayer cannot deduct the same expense twice. See Bailey v. Commissioner, T.C. Memo. 2012-96, aff'd without published opinion, 2014 WL 1422580 (1st Cir. 2014). Therefore, any allowable home expenses used in determining the amount of a home office deduction would have to be first reduced by the amount petitioner deducted on his Schedule A.

[*21] Petitioner has not proven his entitlement to a home office deduction. Even if he had proven he qualified for a home office deduction, he has not proven the amount of the deduction. As a result, petitioner's tax year 2008 rent/lease--other business property deduction is disallowed in full.

D.     Office Expense Deduction 2008

Petitioner claimed a $9,820 office expense deduction. Respondent disallowed the deduction.

The only substantiation petitioner provided is a chart summarizing the monthly expenses. The record does not include the detailed expense log with accompanying receipts that he mentioned at trial. His chart is insufficient to prove that he incurred the expenses, see G.D. Parker, Inc. v. Commissioner, T.C. Memo. 2012-327, and insufficient to provide a basis for an estimate under the Cohan doctrine, see Robinson v. Commissioner, T.C. Memo. 2011-99. He has failed to substantiate an office expense deduction.

Petitioner has provided no proof he incurred these expenses or that they were incurred for an ordinary and necessary business purpose. See secs. 162(a), 6001; sec. 1.6001-1(a), Income Tax Regs. We therefore sustain respondent's determination.

**[\*22]** E.     Interest Deduction

Petitioner claimed a 2008 other--interest deduction of $2,030.  Respondent disallowed this deduction in full.  Generally, business interest is a deductible expense.  Sec. 163.  Petitioner has failed, however, to provide any explanation for the business nature of this interest expense or any substantiation that it was actually paid.  He has failed to meet his burden of proof, see Hradesky v. Commissioner, 65 T.C. at 90 (disallowing claimed deductions when there was "no substantiation at all"), or provide a reasonable basis for estimating his deduction under the Cohan doctrine, see Robinson v. Commissioner, T.C. Memo. 2011-99.  Furthermore, petitioner did not object to this disallowance in his petition or at trial.  If a taxpayer does not raise an issue within the assignment of errors on his petition, that issue shall be deemed conceded.  Rule 34(b)(4); Swain v. Commissioner, 118 T.C. 358, 362 (2002).  The disallowance of petitioner's claimed interest deduction is therefore sustained.  See Swain v. Commissioner, 118 T.C. at 362.

F.     Travel Deduction

Petitioner deducted $14,524 in travel costs for the 2008 tax year, of which respondent disallowed $12,021.  A taxpayer may deduct travel expenses while away from home if the expenses are ordinary, necessary, and attributable to the business of the taxpayer.  Sec. 162(a)(2); Crawford v. Commissioner, T.C. Memo.

[*23] 2014-156, at *12.  Travel expenses are subject to the section 274(d) strict substantiation requirements.  Sec. 274(d)(1).  The only support petitioner submitted for his travel expenses were three computer-generated charts detailing that $3,861 was paid for hotels near Murray Medical Center, $3,951 for "items used for travels," and $6,712 for a trip to Cairo.

A taxpayer may deduct lodging expenses while away from home in pursuit of a trade or business if that pursuit is temporary.  Sec. 162(a)(2); Chappuis v. Commissioner, T.C. Memo. 1968-48.  A taxpayer's pursuit of a trade or business is no longer temporary after one year.  Sec. 162(a); see Rev. Rul. 99-7, 1999-1 C.B. 361.  Petitioner deducted $3,861 for hotels near Murray Medical Center.  He began working at Murray Medical Center in June or July 2007.  Once he had worked there for one year, his work was no longer considered temporary.  See Rev. Rul. 99-7, supra.  Furthermore, he did not provide adequate records or sufficient evidence corroborating the amount spent on hotels.  See sec. 274(d).  Respondent allowed a deduction for $2,503, the amount spent on hotel stays until June 2008.  Petitioner is not allowed to deduct the $1,358 in hotel stays in excess of the $2,503 already allowed.

Petitioner failed to provide an explanation or business purpose of "items used for travels."  His self-made chart is not an adequate record or sufficient

[*24] evidence that can corroborate the $3,951 business expense. See sec. 274(d). As a result, his $3,951 deduction for "items used for travels" is disallowed in full. See Hradesky v. Commissioner, 65 T.C. at 90.

Finally, we turn to petitioner's Cairo trip. As discussed above, if a "trip is undertaken for both business and personal reasons, travel expenses are deductible only if the primary purpose of the trip is business." Crawford v. Commissioner, at *12. Determining the purpose of a trip is a fact-based analysis which depends, in part, on the ratio of time the taxpayer spends on personal and business activities. See id. Petitioner has not explained or substantiated how the trip benefited his practice. He does not contend this trip provided continuing medical education; he has not explained why it is an ordinary and necessary business expense for a doctor working in rural Georgia to attend a hospital business meeting in Cairo.

Furthermore, petitioner has failed to meet the strict substantiation requirements of section 274(d). He deducted the following expenses for his trip to Cairo: flight, accommodation, meals, materials, transportation, entertainment, and gifts. Other than materials, each expense must meet the strict substantiation requirements of section 274(d). To deduct these expenses, petitioner must meet all elements of section 274(d). However, the record is devoid of corroborating evidence. As a result, his $6,712 deduction for a trip to Cairo is disallowed in full.

[*25] Petitioner has failed to explain how a majority of his travel expenses were ordinary and necessary. He has also failed to substantiate any of these expenses. The Cohan doctrine does not apply as a majority of these expenses require strict substantiation, and petitioner provided no reasonable basis for an estimate. See Robinson v. Commissioner, T.C. Memo. 2011-99. As a result, we sustain respondent's determination with regard to the travel deduction.

G.      Car and Truck Expenses Deduction 2008

Petitioner deducted $20,091 for car and truck expenses for tax year 2008. Respondent allowed $6,801 of this deduction.

Petitioner calculated that he drove 30,125 miles to work and 6,739 miles to libraries. The amount petitioner deducted totals the appropriate mileage rate applied to the number of days he worked and then multiplied by 177.2, or the approximate round-trip distance between his home and Murray Medical Center. In other words, petitioner's "work miles" are for his commute to work. Commuting expenses are generally not deductible.[10]  Secs. 1.162-2(e), 1.262-1(b)(5), Income

_____

[10]Respondent allowed petitioner $6,801 or approximately one-third of his reported car and truck expenses for tax year 2008. Commuting expenses may be deductible when incurred between a taxpayer's residence and a temporary worksite outside of the metropolitan area. Rev. Rul. 99-7, 1999-1 C.B. 361. As discussed above, petitioner's work at Murray Medical Center ceased to be temporary in June 2008. Respondent may have allowed petitioner's commuting expenses until then;

[*26] Tax Regs. Because we determined that petitioner's home office was not his principal place of business within the meaning of section 280A(c)(1)(A), he is not excepted from this general rule. See Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980); Rev. Rul. 99-7, supra. Petitioner has not explained the business purpose of his library trips, nor has he provided any evidence that these trips were taken. Petitioner's car and truck expenses do not appear to be ordinary and necessary business expenses under section 162.

Even if petitioner's mileage were deductible, he has failed to meet his burden of proof. Car and truck expenses are subject to the strict substantiation requirements of section 274(d). See Renner v. Commissioner, T.C. Memo. 2015-102, at *9. To substantiate mileage, a taxpayer must show: (a) the mileage; (b) the time and place of the car's use; and (c) the business purpose of the car's use. Id. The taxpayer should maintain a contemporaneous mileage log. Id. at *8. A summary of monthly miles driven, without more, is insufficient. See id. at *8-*12 (stating the taxpayer's monthly mileage logs did not appear to be prepared contemporaneously with the taxpayer's travel). Petitioner's computerized monthly mileage log therefore does not meet the strict substantiation requirements of

---

but after his worksite ceased to be temporary, his commuting expenses were no longer deductible. See id.

[*27] section 274(d).  Furthermore, there is evidence in the record that strongly suggests petitioner did not drive all the miles listed on his chart.  He deducted $3,861 for hotel stays near Murray Medical Center.  There is no evidence in the record showing what dates he drove to and from Murray Medical Center and what dates he stayed in hotels near the medical center.  It is reasonable to conclude that petitioner stayed in hotels between any shifts that were close together.  For each hotel stay between shifts, petitioner would have one less 177.2-mile commute to work.

Petitioner has failed to substantiate his car and truck expenses.  Accordingly, he is not entitled to deduct car and truck expenses beyond the $6,801 respondent allowed.

III.    Penalties

The Commissioner has the initial burden of production when asserting a penalty.  Sec. 7491(c).  He must show it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. at 446.  Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to show the Court the determination is incorrect.  Id. at 446-447.

The Commissioner must first show that there was written supervisory approval of the initial penalty determination.  See secs. 6751(b)(1), 7491(c); Chai

[*28] v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; Graev v. Commissioner, 149 T.C. 485, 492-493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). After trial respondent moved to reopen the record and attached to the motion a declaration from Chenzira Bohannon and the Civil Penalty Approval Form signed by her supervisor Sharon E. Jones. Respondent's motion will be granted. These documents show the required written supervisory approval of the initial penalty determination.

Secondly, the Commissioner may satisfy his burden of production by showing the taxpayer has failed to keep adequate books and records. Higbee v. Commissioner, 116 T.C. at 449. Petitioner has failed to offer substantiation of his expenses, instead submitting compiled summaries of expenses without supporting documentation. He failed to keep adequate books and records; and because respondent has met the burden of production, petitioner must come forward with evidence to show that the penalty determination is incorrect. See id. at 446-447.

If a taxpayer does not raise an issue within the assignment of errors on his petition, that issue shall be deemed conceded. Rule 34(b)(4); Swain v. Commissioner, 118 T.C. at 362. This provision also applies to penalties. Swain v. Commissioner, 118 T.C. at 365. Petitioner did not raise the section 6662(a)

[*29] penalties in his petition. As a result, the application of the penalties is deemed conceded under Swain.

Even if the penalties had not been conceded, the record shows that a penalty should apply for each tax year. Section 6662(a) and (b)(1) imposes a penalty equal to 20% of any portion of an underpayment of tax required to be shown on a return that is attributable to, inter alia, negligence or disregard of rules or regulations.[11] Section 6662(c) defines negligence as any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence is indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit, or exclusion on a return that would seem to a reasonable and prudent person to be "too good to be true" under the circumstances.

A taxpayer is not liable for the section 6662(a) penalty if he establishes that the underpayment on the return was due to reasonable cause and that he acted in

---

[11]The penalty also applies against underpayments attributable to any substantial understatement of income tax. Sec. 6662(b)(2). An understatement of income tax is substantial when the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A). Respondent proposed an increase in tax of $44,056 for 2008 and $28,541 for 2009. Even with concessions and the adjustment for filing status for 2009, petitioner's understatement for each year exceeds $5,000.

**[*30]** good faith.  Sec. 6664(c); sec. 1.6664-4(a), Income Tax Regs.  Merely having a return preparer does not shield the taxpayer from an applicable penalty.  See Jasperson v. Commissioner, T.C. Memo. 2015-186, at *12-*13 (citing Magill v. Commissioner, 70 T.C. 465, 479 (1978), aff'd, 651 F.2d 1233 (6th Cir. 1981)), aff'd, 658 F. App'x 962 (11th Cir. 2016); Ocampo v. Commissioner, T.C. Memo. 2015-150, at *55-*58.  Reliance on a tax adviser may constitute reasonable cause, however, if (a) the adviser is competent, (b) the taxpayer provided requisite information to the adviser, and (c) the taxpayer relied on the adviser in good faith.  Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).  Petitioner bears the burden of proving his reliance on a tax adviser provided reasonable cause.  See Higbee v. Commissioner, 116 T.C. at 446.

Petitioner, an emergency room doctor with no prior tax preparation or tax law background, credibly testified that he relied on his tax preparer because he is the expert.  There was no testimony or evidence, however, as to the nature of the preparer's expertise or competence.  There was also no testimony as to the information petitioner provided to his preparer.  Petitioner has therefore not met his burden on two of the Neonatology Associates reasonable cause elements and is liable for the section 6662 penalties.

**[*31]** Accordingly,

An order and decision will be entered

pursuant to Rule 155.